**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2022-21

SEASIDE PROPERTIES, LLC,

    Plaintiff-Respondent,

v.

ARF REALTY MANAGEMENT
and ARF REALTY INVESTORS
CORP.,

    Defendants/Third-Party
    Plaintiffs-Appellants,

and

PB 24 & 35 CUTTERS DOCK LLC,

    Defendant/Third-Party
    Plaintiff-Respondent,

v.

SEASIDE PROPERTIES, LLC,
WALTER JAKOVCIC, JADRANKA
JAKOVCIC, RICHARD MATERA,
PAMELA MATERA, TITAN
DEMOLITION & SALVAGE LLC,
UNITED WASTE MANAGEMENT,
INC., RAILWAY PROPERTY LLC,

BLUE DOLPHIN FREIGHT
SYSTEMS, INC., CUTTERS DOCK
PROPERTIES LLC, GREEN
AMERICAN TECHNOLOGIES,
INC., d/b/a AMERICAN EAGLE
PALLETS, and MATJAC PALLETS
INC., d/b/a AMERICAN EAGLE
PALLETS,

     Third-Party Defendants-
     Respondents.

_____

Submitted October 16, 2023 – Decided December 13, 2023

Before Judges Gilson and DeAlmeida.

On appeal from the Superior Court of New Jersey, Chancery Division, Middlesex County, Docket No. C-000092-17.

Jonathan B. Behrins (The Behrins Law Firm), attorney for appellants.

Wilentz, Goldman & Spitzer, PA, attorneys for respondents Seaside Properties, LLC, Walter Jakovcic, Jadranka Jakovcic, Richard Matera, Pamela Matera, Titan Demolition & Salvage LLC, United Waste Management, Inc., Railway Property, LLC, Blue Dolphin Freight Systems, Inc., Cutters Dock Properties, LLC, Green American Technologies, Inc., and Matjac Pallets, Inc. (Willard C. Shih and Richard K. Wille, Jr., of counsel and on the brief).

PER CURIAM

This matter, involving disputes over discovery, returns to us following a remand. In November 2018, the trial court entered an order striking with prejudice the answer, counterclaims, and third-party claims of defendants/third-party plaintiffs ARF Realty Management and ARF Realty Investors Corp. (collectively, ARF) for failure to comply with discovery obligations. On the first appeal, we reversed and remanded, directing the trial court to make specific findings of fact concerning whether there were grounds to dismiss ARF's claims with prejudice under Rule 4:23-5. Seaside Props., LLC v. ARF Realty Mgmt., No. A-1895-18 (App. Div. June 16, 2020) (slip op. at 3).

On remand, the trial court conferred with the parties, received additional submissions, and heard argument from counsel. On January 31, 2022, the trial court issued a written statement of reasons and order striking ARF's answer and affirmative claims with prejudice. ARF now appeals from the January 31, 2022 order.

The dispute is whether ARF provided responsive answers and documents to discovery demands made by plaintiff/third-party defendant Seaside Properties, LLC (Seaside) and the other third-party defendants. Having reviewed the briefs, record, and law, we affirm in part and reverse in part.

The record establishes that ARF persistently failed to provide responsive answers and documents to support its counterclaims against Seaside. Accordingly, we discern no abuse of discretion in the portion of the trial court's order dismissing the counterclaims with prejudice.

The record also establishes that ARF did provide answers and documents concerning its allegation in its third-party complaint that it gave loans and made payments on behalf of Seaside and the other third-party defendants. While the adequacy of ARF's answers and documents can be questioned, they are sufficiently responsive and, therefore, do not warrant dismissal with prejudice under Rule 4:23-5. We, therefore, reverse in part and remand with direction that ARF be allowed to reinstate its third-party complaint. In doing so, however, we direct that ARF be limited to the information set forth in its responses to discovery. Specifically, ARF will be limited to its claim that it made loans to or made payments on behalf of the third-party defendants as set forth in the October 31, 2018 certification of Antonio Fasolino and the documents identified in that certification.

I.

Seaside owns real property located at 34 Cutters Dock Road in Woodbridge, New Jersey (the Property). Seaside is owned by two members:

Walter Jakovcic and Richard Matera. In June 2017, Seaside brought this action against ARF and PB 24 & 35 Cutters Dock, LLC (PB Dock, LLC) seeking to quiet title to the Property and declare that a mortgage that had been recorded against the Property and the subsequent assignment of the mortgage were void and unenforceable. Seaside alleged that ARF had fraudulently prepared and recorded the mortgage, dated February 1, 2014, on the Property in the amount of $3,500,000 (the 2014 Mortgage). The 2014 Mortgage had then been assigned to PB Dock, LLC. Seaside sought to quiet title to the Property and declare the 2014 Mortgage and subsequent assignment void and unenforceable.

In response to Seaside's complaint, ARF filed an answer and counterclaims against Seaside. ARF also filed a third-party complaint against Seaside and various individuals and companies associated with Seaside. Specifically, ARF named as third-party defendants Seaside, Jakovcic, Matera, their two wives, and seven companies owned or managed by Jakovcic or Matera: Titan Demolition & Salvage LLC; United Waste Management, Inc.; Railway Property LLC; Blue Dolphin Freight Systems, Inc.; Cutters Dock Properties LLC; Green American Technologies, Inc.; and Matjac Pallets Inc. (collectively, third-party defendants).

In its counterclaims against Seaside, ARF asserted five causes of action for (1) fraud and misrepresentation; (2) tortious interference; (3) breach of contract; (4) violations of New Jersey's Racketeer Influenced and Corrupt Organizations Act (RICO), N.J.S.A. 2C:41-1 to -6.2; and (5) punitive damages for filing a "frivolous" lawsuit. In its third-party complaint, ARF alleged a "CAUSE OF ACTION BASED UPON THE DOCTRINE OF NECESSARIES." Read generously, the third-party complaint alleged that ARF had made loans to or payments on behalf of the third-party defendants in the amount of approximately $6 million and it sought repayment "plus the reasonable agreed[-]upon rate of 12% interest[.]" The third-party complaint also sought a declaration that the 2014 Mortgage was "legal and valid."

The parties then engaged in discovery. In January 2018, Seaside and the other third-party defendants served interrogatories and document requests on ARF. ARF responded by producing almost 2,000 pages of documents. Seaside and the other third-party defendants, however, believed that ARF's discovery responses were deficient and sent ARF a letter pointing out those deficiencies and noting that ARF had answered the wrong set of interrogatories. ARF later provided answers to the correct interrogatories.

When the deficiencies were still not resolved to Seaside's satisfaction, it moved to compel discovery. On April 27, 2018, the trial court entered an order directing ARF to provide "more specific responses." In addition, in May 2018, the trial court issued a case management order directing ARF to produce additional documents by June 8, 2018.

On July 3, 2018, Seaside and the other third-party defendants moved to strike ARF's pleadings, including its affirmative claims. ARF did not oppose that motion, but it did send what it claimed were more "detailed and streamlined" documents.

On July 6, 2018, the trial court entered an order striking ARF's pleadings without prejudice. Shortly thereafter, ARF moved to reinstate its pleadings and filed an affidavit contending that it had fully complied with the discovery demands by providing "every document in ARF's possession which was requested in discovery."

On August 3, 2018, the trial court denied ARF's motion to reinstate. ARF then moved for reconsideration and submitted a certification from Antonio Fasolino, its owner and president. Fasolino asserted that ARF had provided all requested documents in its possession. In addition, Fasolino had been deposed

7

on August 9, 2018. The trial court denied the motion for reconsideration on September 14, 2018.

Shortly thereafter, on September 19, 2018, Seaside and the other third-party defendants sent ARF another discovery deficiency letter. In that letter, the third-party defendants challenged ARF's answers to interrogatory numbers 10, 11, 27, and 29, and contended that the documents produced in response to document request numbers 20 and 24 were deficient. Seaside and the other third-party defendants then filed motions to strike ARF's pleadings with prejudice under Rule 4:23-5(a)(2). ARF did not oppose that motion. Nevertheless, the trial court directed ARF to file a motion to reinstate and adjourned the motion to strike ARF's pleadings to November 9, 2018. Despite that adjournment, ARF never moved to reinstate its pleadings.

On October 31, 2018, Seaside and the other third-party defendants sent ARF another letter pointing out alleged deficiencies with ARF's response to document request number 45. That same day, Fasolino submitted a certification providing some information concerning the alleged loans and payments ARF had made to or on behalf of the third-party defendants (the October 31, 2018 Fasolino certification). With the Fasolino certification, ARF also produced

documents, some of which it had produced previously, that allegedly supported its claims.

On November 9, 2018, the trial court heard oral arguments on the motion to strike with prejudice. That same day, the court issued an order and opinion granting the motion. The trial court cited ARF's persistent non-compliance with discovery requests and failure to file a motion to reinstate.

ARF moved for reconsideration, arguing that it had complied by producing the documents and information it had and that striking its answer, counterclaims, and third-party claim with prejudice was an unfairly harsh sanction. The trial court denied that motion for reconsideration.

In its first appeal, ARF challenged the orders striking its pleadings with prejudice. On June 16, 2020, we issued an opinion reversing the orders and remanding the matter, instructing the trial court to make specific findings of fact on whether the deficiencies were cured and, if they were not, whether dismissal was warranted. Seaside Props., slip op. at 14. We also directed that if the court could not make specific findings of fact warranting dismissal, then it should reinstate the pleadings and consider a lesser sanction. See ibid.

On remand, the trial court conferred with the parties and directed them to submit supplemental information. Thereafter, the court heard argument on

March 30, 2021.  Ten months later, on January 31, 2022, the trial court issued a written statement of reasons and order granting the motion to strike ARF's pleadings with prejudice.  In its statement of reasons, the trial court stated, in part:

> ARF [] did not comply with its discovery obligations to support its multi-million[-]dollar claims. ARF [] willfully declined to support these claims by referring generally to thousands of pages of discovery. This discovery was produced, re-produced, and produced again to feign the appearance that ARF [] had complied with its discovery obligations.
>
> ARF [] failed to demonstrate any facts or documents to support its millions of dollars in claims and to allow it to move forward with these claims without providing documentary proof—much less responding to requests seeking specific information about the documentary proof—prejudices Seaside.

In this second appeal, ARF now challenges the January 31, 2022 order. In its brief on this appeal, Seaside represents that it settled its affirmative claims with PB Dock, LLC and that on September 13, 2021, the 2014 Mortgage was discharged.  Seaside, therefore, maintains that the only remaining claims in the litigation are ARF's affirmative claims, which are the subject of this appeal. Seaside also asserts that some of the loans that ARF made to the third-party defendants were assigned to PB Dock, LLC and have, therefore, been either discharged or settled.

## II.

On this appeal, ARF argues that its discovery responses were adequate and that the trial court made several errors in dismissing its affirmative claims with prejudice. Additionally, ARF contends that dismissal with prejudice was an inappropriately harsh sanction and that the trial court did not adequately consider lesser sanctions or alternative solutions.

"[T]he standard of review for dismissal of a complaint with prejudice for discovery misconduct is whether the trial court abused its discretion." Abtrax Pharms., Inc. v. Elkins-Sinn, Inc., 139 N.J. 499, 517 (1995). Moreover, a trial court's decision on a discovery matter is "entitled to substantial deference" and "will not be overturned absent an abuse of discretion." DiFiore v. Pezic, 254 N.J. 212, 228 (2023).

### A.  Rule 4:23-5.

Failure to comply with a demand for discovery pursuant to Rule 4:17 subjects the non-compliant party to dismissal in accordance with Rule 4:23-5. R. 4:23-5(a)(1). Rule 4:23-5 creates a two-step dismissal procedure. First, the compliant party moves for dismissal without prejudice. R. 4:23-5(a)(1). If that motion is granted, the non-compliant party has sixty days to cure and move to vacate the dismissal order. R. 4:23-5(a)(2). The compliant party may only move

to dismiss with prejudice after the sixty-day period has expired if the non-compliant party has not cured the discovery defects. Ibid. The motion to dismiss with prejudice "shall be granted" unless a motion to vacate was filed by the non-compliant party and "either the demanded and fully responsive discovery has been provided or exceptional circumstances are demonstrated." Ibid.

The goal of the two-step procedure in Rule 4:23-5 is to compel discovery compliance rather than to dismiss claims. Adedoyin v. Arc of Morris Cnty. Chapter, Inc., 325 N.J. Super. 173, 180 (App. Div. 1999). "[R]esolution of disputes on the merits" is preferred over "resolution by default for failure to comply with procedural requirements." St. James AME Dev. Corp. v. City of Jersey City, 403 N.J. Super. 480, 484 (App. Div. 2008). "[B]ecause dismissal with prejudice is 'the ultimate sanction,' it should be imposed 'only sparingly' and 'normally… ordered only when no lesser sanction will suffice to erase the prejudice suffered by the non-delinquent party.'" Salazar v. MKGC + Design, 458 N.J. Super. 551, 561-62 (App. Div. 2019) (quoting Robertet Flavors, Inc. v. Tri-Form Constr. Inc., 203 N.J. 252, 274 (2010)). "However, a party invites this extreme sanction by deliberately pursuing a course that thwarts persistent efforts to obtain the necessary facts." Abtrax Pharms., 139 N.J. at 515. In other words, "the rule affords a party aggrieved by dilatory discovery tactics a remedy to

compel production of the outstanding discovery and the right to seek final resolution through the two-step dismissal process."  Sullivan v. Coverings & Installation, Inc., 403 N.J. Super. 86, 96 (App. Div. 2008).

"[I]n order to cure the default, [Rule] 4:23-5(a)(1) requires the defaulting party to serve fully responsive answers."  Zimmerman v. United Servs. Auto. Ass'n, 260 N.J. Super. 368, 377 (App. Div. 1992) (internal quotation marks omitted) (citing R. 4:23-5(a)(1)).  Nevertheless, this does not mean that the discovery production must meet the standards expected or hoped for by the party demanding discovery:

> [W]hat the answering party in good faith may regard as responsive under the circumstances is not necessarily congruent with the propounder's view of the matter. There is a broad area for bona fide dispute between answers which are patently inadequate and a set of answers which fully meets the propounder's expectations.
>
> [Ibid.]

"[W]hen the real discovery dispute is not a failure to answer but rather an alleged failure to answer in a 'fully responsive' manner, it is the dismissal with prejudice which is inappropriate unless the answering party has been ordered to answer more fully and fails to do so."  Id. at 378.  "[I]ncomplete answers [cannot] be automatically considered as a failure to answer" warranting

dismissal under Rule 4:23-5. Adedoyin, 325 N.J. Super. at 180. Moreover, when evaluating deficiency of answers to interrogatories, the set of answers is considered as a whole. See Zimmerman, 260 N.J. Super. at 377.

Under Rule 4:23-5(a)(1), "the focus of the motion judge must be on whether good cause is present for relief other than a dismissal without prejudice for failure to answer." Adedoyin, 325 N.J. Super. at 181. Additionally, "[i]f the set of answers, considered in the context of the specific cause of action and the progress of discovery to date would have been sufficient to withstand a motion for dismissal without prejudice under [Rule] 4:23-5(a)(1), then it is also sufficient to withstand a motion for dismissal with prejudice under [Rule] 4:23-5(a)(2)." Zimmerman, 260 N.J. Super. at 377. Generally, in considering whether to dismiss claims due to a discovery violation, courts should "assess the facts, including the willfulness of the violation, the ability of [the non-compliant party] to produce the certification, the proximity of trial, and prejudice to the adversary, and apply the appropriate remedy." Casinelli v. Manglapus, 181 N.J. 354, 365 (2004).

B.     The Discovery Disputes.

Seaside and the other third-party defendants argue that ARF's answers to four interrogatories and the documents submitted in response to two document

requests were non-responsive or deficient and warranted the sanction of dismissal with prejudice. The specific interrogatories were numbers 10, 11, 27, and 29. The document requests were numbers 24 and 45.

Interrogatory numbers 10 and 11 asked ARF to identify its damages claims by specifying the way in which third-party defendants' conduct damaged ARF, the specific dollar amount of damages claimed, and the way the alleged damages were computed. The interrogatories also directed ARF to attach "all documents that refer or relate to" ARF's answers to the interrogatories. In response, ARF stated: "[p]laintiffs/third[-]party defendants are respectfully referred to the [c]ounterclaims and [t]hird-[p]arty [c]omplaint as well as the accompanying response to demand for documents."

Interrogatory number 27 required ARF to "[i]dentify all past and present leases between [ARF] and [p]laintiff/[t]hird[-][p]arty [d]efendants." ARF responded: "[t]he $5,000 lease on 35 Cutters Dock without use of the Warehouse; access to only the office and grounds."

Interrogatory number 29 required ARF to identify all loans made by ARF to Seaside or the other third-party defendants. ARF initially responded to that interrogatory by stating: "Previous[ly] provided in ARF's response to document requests." In the October 31, 2018 Fasolino certification, however, ARF

identified ten loans it allegedly made to Seaside and other third-party defendants. The certification also included references to the specific documents that allegedly evidenced the loans.

Document request number 24 demanded all documents "which refer or relate to the payment of Escrow of Bulk Sales and issuance of final titles, item #37 on the closing statement attached as Exhibit C to [ARF's] [c]ounterclaims." ARF responded: "See attachments t, u, v, and w," referring to labeled attachments it had included with its response.

Document request number 45 asked for all "documents received from[] or provided to the Federal Bureau of Investigation[] [(FBI)], police or any other state, local or federal government agency regarding[] [ARF], Antonio Fasolino, . . . or Fasolino Foods." ARF responded that it did not have any responsive documents. At his deposition, Fasolino testified that the FBI took all the records and did not provide him with copies of or an accounting of the documents taken.

The adequacy of ARF's discovery responses needs to be evaluated in light of its affirmative claims. In its counterclaims against Seaside, ARF asserted claims of fraud, misrepresentation, tortious interference, breach of contract, RICO violations, and punitive damages. The trial court found that ARF's discovery responses did not respond to Seaside's requests for information

concerning the specific damages and the facts supporting those damages asserted in the counterclaims. The trial court noted that it had ordered more specific responses and ARF failed to provide those responses. Having reviewed the record, we discern no abuse of discretion in the trial court's determination as it relates to the counterclaims. In short, ARF simply did not provide Seaside with any information that would support the counterclaims. Moreover, Seaside was prejudiced by those non-responses because without that information it could not prepare a defense or even move for summary judgment.

In contrast, ARF did provide an answer and documents concerning its claim that it had given Seaside and the other third-party defendants various loans. That information was set forth in the October 31, 2018 Fasolino certification. As noted, the Fasolino certification identified ten specific alleged loans to or payments made on behalf of Seaside or the other third-party defendants. The certification also attached ten exhibits describing the alleged loans and identifying the documents that purportedly supported the existence of those loans.

The trial court never discussed or analyzed in detail the October 31, 2018 Fasolino certification. While ARF never formally amended its response to interrogatory number 27 to refer to the October 31, 2018 Fasolino certification,

17

it clearly relied on that certification in opposing the motion to dismiss with prejudice.

There are legitimate questions about the sufficiency of the information provided in the October 31, 2018 Fasolino certification. The dispute over the adequacy of the discovery responses, however, does not warrant dismissal with prejudice. Dismissal with prejudice is inappropriate "when the real discovery dispute is not a failure to answer but rather an alleged failure to answer in a fully responsive manner." Zimmerman, 260 N.J. Super. at 377 (internal quotation marks omitted).

C.    The Scope of the Remand.

The parties' disputes over discovery have persisted for over five years and have engendered numerous motions and two appeals. Accordingly, we exercise original jurisdiction to rule on the specific claims that will be reinstated and the scope of those claims. See R. 2:10-5 (explaining that an "appellate court may exercise such original jurisdiction as is necessary to the complete determination of any matter on review"); Vas v. Roberts, 418 N.J. Super. 509, 523 (App. Div. 2011) (explaining that "[r]esort to original jurisdiction is particularly appropriate to avoid unnecessary further litigation,"); see also Price v. Himeji, LLC, 214 N.J. 263, 294-95 (2013) (discussing when exercise of original

jurisdiction is appropriate and noting that "in exercising original jurisdiction, we apply the same standard and scope of review as would the decision-maker into whose place we step").

We hold that the information provided in the October 31, 2018 Fasolino certification is sufficient to avoid dismissal of the claims in the third-party complaint. We also hold that that information defines and limits ARF's claims. In the certification, ARF has identified ten alleged loans and the documents that allegedly demonstrate that those loans existed. Seaside and the other third-party defendants have argued that the discovery responses are inadequate because they cannot evaluate or defend against ARF's claims. We do not agree with that assertion.

Discovery has been completed. Therefore, ARF is limited to the specific information set forth in the October 31, 2018 Fasolino certification and the specific documents referenced in that certification. In other words, on remand, ARF cannot point to any additional loans or documents; rather, it is limited to what is set forth in the October 31, 2018 Fasolino certification. Consequently, the claims that ARF had provided loans is identified and defined. Seaside and the other third-party defendants can therefore evaluate the merits of ARF's claims and can either move for summary judgment or address the claims at trial.

19

Accordingly, on remand, the trial court is directed to reinstate ARF's third-party complaint, but limit those claims to the alleged loans. In remanding this matter, we note that Seaside has contended that its settlement with PB Dock, LLC resolved some of the alleged loans made by ARF. In that regard, Seaside has asserted that ARF assigned some of the loans to PB Dock, LLC and those loans were subsequently discharged. That is also an issue that can be resolved on remand by motion.

D.      Summary.

In summary, we affirm in part and reverse in part. We affirm the portion of the order dismissing with prejudice all the counterclaims against Seaside. We reverse the portion of the order dismissing the third-party complaint. On remand, ARF's third-party complaint is to be reinstated, but it is to be limited to the claims that ARF is owed monies based on the ten loans identified in the October 31, 2018 Fasolino certification.

Affirmed in part, reversed in part, and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION