NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3617-17T2

JOSIE SALAZAR and
BIJAY SHAH,

     Plaintiffs-Appellants,

v.

MKGC + DESIGN, MILTON
KISLINGER and HELEN LEU,

     Defendants-Respondents.

_____

APPROVED FOR PUBLICATION

April 8, 2019

APPELLATE DIVISION

Argued March 20, 2019 – Decided April 8, 2019

Before Judges Nugent, Reisner, and Mawla.

On appeal from Superior Court of New Jersey, Law Division, Hudson County, Docket No. L-3095-16.

Jessica A. Tracy argued the cause for appellants (Curcio Mirzaian Sirot, LLC, attorneys; Jessica A. Tracy, of counsel and on the briefs).

Robert F. Ball argued the cause for respondents (Weber Gallagher Simpson Stapleton Fires & Newby, LLP, attorneys; Robert F. Ball, of counsel and on the brief; Mark J. Heftler, on the brief).

The opinion of the court was delivered by

NUGENT, J.A.D.

Plaintiffs appeal several orders culminating in the involuntary dismissal at trial of their action against defendants alleging breach of a home improvement contract and consumer fraud. The trial judge granted defendants' motion for an involuntary dismissal because plaintiffs could not prove damages. Plaintiffs could not prove damages because another judge had granted defendants' pretrial motion to bar plaintiffs' damage claims as a sanction for failing to respond to defendants' notice to produce documents.

The judge who granted defendants' pretrial motion for sanctions, including their request to bar expert testimony, did so even though defendants had filed the motion in violation of multiple court rules. Defendants filed the motion belatedly, without demonstrating good cause to do so, and despite their never having demanded an expert report from plaintiffs. They did not certify they were not delinquent in their discovery obligations, which they were, as they had not responded to plaintiffs' discovery. They also disregarded the rule requirements that are prerequisites to having a motion for discovery sanctions listed for disposition.

The grant of defendants' motion despite their multiple missteps resulted in the functional equivalent of a dismissal of plaintiffs' complaint with prejudice for a discovery violation; a sanction the Supreme Court has characterized as

2

"drastic" and has cautioned against imposing if a lesser sanction will suffice. Abtrax Pharm., Inc. v. Elkins-Sinn, Inc., 139 N.J. 499, 514 (1995). Perhaps more significantly, the sanction could be viewed as the uneven-handed administration of court rules, resulting in an unjust determination and the needless expenditure and delay caused by a meaningless trial; all anathema to the purpose for which the rules exist. See R.1:1-2. We thus reverse and remand for further proceedings.

I.

This civil action arose out of a home improvement contract, which plaintiffs alleged defendants failed to complete, leaving them with an uninhabitable house. Plaintiffs filed a six-count complaint in August 2016, and defendants filed an answer and counterclaim the following month. Defendants served plaintiffs with requests for admission and a notice to produce documents, including documentary evidence of plaintiffs' damage claim. Defendants did not serve interrogatories. Their demand for documents did not demand experts' reports. Plaintiffs served defendant with interrogatories and a notice to produce documents. None of the parties answered discovery.

The discovery end date was July 25, 2017. In October the parties proceeded to mandatory arbitration as required by Rule 4:21A-1(a)(3). The

arbitrator rendered an award for plaintiffs. Defendants rejected the award and demanded a trial de novo, as permitted by Rule 4:21A-6(b)(1). Two weeks after arbitration and three months after the discovery end date, defendants filed the motion that resulted in the orders from which plaintiffs have appealed. Plaintiffs filed a cross-motion seeking an order "Extending Discovery with Consent of All Parties."

Defendants entitled their motion for discovery sanctions "Motion for Plaintiffs' Failure to Serve Discovery and to Bar Plaintiffs' Late Service of Liability or Damage Experts Reports Pursuant to Rule 4:23-5(3)(b) [sic]." They supported the motion with a certification from their attorney. In his certification, the attorney did not explain why he did not file the motion before the discovery end date. He summarized the pleadings, explained plaintiffs had not responded to defendants' requests for admission and notice to produce documents, and omitted to disclose defendants had not responded to plaintiffs' interrogatories and notice to produce documents.

Plaintiffs informed the motion judge in their cross-motion that defendants had not responded to plaintiffs' discovery demands. Nevertheless, the judge granted defendants' motion and denied plaintiffs' cross-motion. He barred plaintiffs from presenting any evidence of damages not documented during

4

discovery, knowing plaintiffs had produced no such documentary evidence, as attested to by defendants in their motion. He gave this explanation, typed below his signature on the order: "The [discovery end date] expired on July 25, 2017. The documents sought to be introduced were only made available on the eve of arbitration. This results in substantial and undue prejudice to the [d]efendant[s]."

The motion judge denied plaintiffs' motion for reconsideration. In the decision he delivered from the bench at the close of oral argument, the judge noted that "discovery rules are designed to reach the substantive merits of a matter rather than permitting reliance on procedural mechanisms that might result in concealment and surprise." He did not, however, cite to any rule concerning the timing of motions seeking sanctions for discovery violations, nor did he cite to the requirements of any rule authorizing such sanctions. Citing Abtrax, 139 N.J. at 521, for the proposition that the "underlying purpose [of the discovery rules] is to assure full disclosure of all material facts and documents to the parties, to the end the trial will serve the ends of justice rather than function as a trap for the unwary," the judge neither noted nor discussed defendants' violation of the same discovery rules and consequent undermining of their purpose.

Accepting the representation of plaintiffs' counsel that his non-compliance with discovery was not intended to obfuscate the issues in the case, the judge explained:

> The fact still remains that the prejudice that will result in this case, both procedurally and also substantively, particularly since the discovery end date has passed, is not persuasive to the [c]ourt to allow for reconsideration of this case or this particular matter barring the late service of the liability and the damages expert report.

For that reason, the judge denied plaintiffs' motion for reconsideration.

For reasons unnecessary to detail in this opinion, the trial proceeded, notwithstanding the pretrial order barring plaintiffs from proving damages. Plaintiffs developed the proofs they were permitted to present. Defendants moved for an involuntary dismissal. The court granted the motion, based on the absence of any damage proofs. The court also dismissed defendants' counterclaim. This appeal followed.

II.

On appeal, plaintiffs argue it was fundamentally unfair for the motion judge to bar them from proving damages when defendants had committed the identical discovery violations. Plaintiffs add that the motion judge compounded his error by overlooking defendants' non-compliance with virtually every

6

prerequisite for filing a motion for sanctions based on discovery violations. In doing so, plaintiffs argue, the court imposed a draconian sanction unauthorized by any court rule applicable to a discovery violation. Plaintiffs also contend the motion judge erroneously denied their motion for reconsideration, and the trial judge erred by involuntarily dismissing their action. Last, they contend the motion judge erred by denying their motion to extend discovery.

Defendants do not dispute that they did not comply with their discovery obligations, nor do they dispute that they did not comply with the provisions of certain rules concerning discovery sanctions. Rather, they argue a court has inherent discretionary power to impose sanctions for failure to make discovery, a power the motion judge did not abuse. They point out that plaintiffs did not argue to the motion judge several points they now raise on appeal. Defendants assert that because the motion judge did not abuse his inherent power to impose sanctions for failure to make discovery, he properly denied plaintiffs' motion for reconsideration, and the trial judge properly dismissed plaintiffs' action when they failed to prove damages at trial.

III.

A.

We begin our analysis with some fundamental observations. In our judicial system, "justice is the polestar and our procedures must ever be moulded and applied with that in mind." New Jersey Highway Auth. v. Renner, 18 N.J. 485, 495 (1955) (citing X-L Liquors v. Taylor, 17 N.J. 444, 454 (1955)). "There is an absolute need to remember that the primary mission of the judiciary is to see justice done in individual cases. Any other goal, no matter how lofty, is secondary." Santos v. Estate of Santos, 217 N.J. Super. 411, 416 (App. Div. 1986).

In that vein, the Court Rules "shall be construed to secure a just determination, simplicity in procedure, fairness in administration and the elimination of unjustifiable expense and delay." R. 1:1-2(a). For that reason, "[u]nless otherwise stated, any rule may be relaxed or dispensed with by the court in which the action is pending if adherence to it would result in an injustice." Ibid.

Fairness in administration of the Court Rules requires that they be applied evenhandedly and, to the extent possible, uniformly. The current Court Rules have been amended to achieve these, as well as other objectives:

The project known as Best Practices, resulting in a number of significant rule amendments effective September 2000, was undertaken by the Conference of Civil Presiding Judges for the purpose of attempting to improve the efficiency and expedition of the litigation process as well as <u>to restore state-wide uniformity to the wide range of discretionary and increasing disparate judicial responses to such matters, among others, as the resolution of discovery problems and disputes</u>, the fixing of trial calendars and adjournments of trial dates. . . .

[Pressler & Verniero, <u>Current N.J. Court Rules</u>, cmt. 4 on <u>R.</u> 1:1-2 (2019) (emphasis added).]

With these principles in mind, and applying an abuse-of-discretion standard of review, <u>Quail v. Shop-Rite Supermarkets, Inc</u>., 455 N.J. Super. 118, 133 (App. Div. 2018), we turn to the rules applicable to the motion at issue on this appeal.[1]

B.

<u>Rule</u> 4:24-2 is entitled "Motions Required to Be Made During Discovery Period." The rule provides in pertinent part: "Unless the court otherwise permits for good cause shown, motions to compel discovery and to impose or enforce sanctions for failure to provide discovery must be made returnable prior to the expiration of the discovery period." <u>R.</u> 4:24-2(a). When defendants filed their

---

[1] This appeal does not involve sanctions imposed for violating a discovery order. The trial court had issued no such order.

motion for sanctions, they offered no explanation for their failure to file the motion within the discovery period. That they had not done so was obvious from their certification, in which they referred to the arbitration and the arbitrator's award. For that reason alone, the motion judge would have acted well within his discretion by denying the motion. Carbis Sales, Inc. v. Eisenberg, 397 N.J. Super. 64, 81 (App. Div. 2007).

On the other hand, the rule expressly permits a judge to consider a belatedly filed motion for good cause shown. Here, however, defendants did not even attempt to make a showing of good cause, and the trial court did not find defendants had made such a showing.

Defendants had ample opportunity during the discovery period to compel plaintiff to provide discovery responses. Their failure to do so, without explanation, suggests they did not have good cause to wait until after the arbitration to file the motion. When the motion judge granted defendants' motion for sanctions, he emphasized the undue prejudice to them. But the possible prejudice was not "undue." Defendants' wholesale disregard of the discovery rules refutes that proposition. Moreover, in weighing the prejudice to the parties, we fail to discern how the possible prejudice to defendants — who could still offer a defense, rely on their requests for admission, and offer proofs

to support their counterclaim — was somehow greater in magnitude than the prejudice to plaintiffs, who the motion judge effectively barred from proving their case at trial.

If a trial court declines to enforce a mandatory rule — particularly a rule designed to provide uniformity and fairness in its application — the court should explain its reasons for doing so. A brief explanation would demonstrate the court is not acting in an arbitrary manner and would permit appropriate appellate review.

C.

The Rules of General Application provide specific, mandatory requirements for Civil and Family Part discovery and calendar motions. Rule 1:6-2 requires, with exceptions not applicable here, the following:

> Every motion in a civil case or a case . . . involving any aspect of pretrial discovery or the calendar, shall be listed for disposition only if accompanied by a certification stating that the attorney for the moving party has either (1) personally conferred orally or has made a specifically described good faith attempt to confer orally with the attorney for the opposing party in order to resolve the issues raised by the motion by agreement or consent order and that such effort at resolution has been unsuccessful, or (2) advised the attorney for the opposing party by letter, after the default has occurred, that continued non-compliance with a discovery obligation will result in an appropriate

motion being made without further attempt to resolve the matter. . . .

[R. 1:6-2(c).[2]]

Here, defense counsel did not claim that during the discovery period he had made a good faith effort to resolve the matter without resorting to the motion.

The rule that authorizes motions and sanctions concerning a party's failure to make discovery is Rule 4:23-5. This rule "codified a two-step procedural paradigm that must be strictly-adhered to before the sanction of dismissal of a complaint with prejudice for failing to answer interrogatories or provide other discovery can be imposed." Thabo v. Z Transp., 452 N.J. Super. 359, 369 (App. Div. 2017) (citing St. James AME Dev. Corp. v. City of Jersey City, 403 N.J. Super. 480, 484 (App. Div. 2008)). "These procedural requirements must be scrupulously followed and technically complied with." Ibid. (citing Sullivan v. Coverings & Installation, Inc., 403 N.J. Super. 86, 95 (App. Div. 2008)).

We have explained the need for trial courts to follow the procedural safeguards of Rule 4:23-5:

---

[2] This subsection of Rule 1:6-2 makes an exception for actions that have "been specially assigned to an individual judge for case management and disposition of all pretrial and trial proceedings and . . . all cases pending in the Superior Court, Chancery Division." R. 1:6-2(b) & (c). Nothing in the appellate record identifies this action as such a "specially assigned" case.

> The best way to foster the public confidence in our civil courts is to decide cases on their merits. Discovery rules are intended to create a level playing field for all litigants and promote the resolution of civil dispute on the merits. Judges are entrusted to ensure that these rules are properly and fairly enforced.
>
> [Id. at 371.]

Rule 4:23-5(a)(1) requires that a movant support the motion by an affidavit that recites the facts of the delinquent party's default, and states that the moving party is not in default in any discovery obligations owed to the delinquent party. This requirement safeguards against the unilateral imposition of sanctions upon one party when all parties have disregarded their discovery obligations. In the case before us, defendants could not provide the required certification because they had disregarded their discovery obligations.

Rule 4:23-5 also authorizes a court to sanction a party who has failed to furnish an expert's report. The rule states: "The court at trial may exclude the testimony of a treating physician or any other expert whose report is not furnished pursuant to [Rule] 4:17-4(a) to the party demanding same." R. 4:23-5(b) (emphasis added). Rule 4:17-4(a) provides in pertinent part: "If the interrogatory requests the name of an expert or treating physician of the answering party or a copy of the expert's or treating physician's report, the party shall comply with the requirements of paragraph (e) of this rule."

Defendants in this case invoked the authority of Rule 4:23-5(b) to bar plaintiffs from presenting expert testimony at trial even though they had never demanded an expert report pursuant to Rule 4:17-4(a), as they had never served interrogatories. Defendants and the motion judge overlooked this deficiency in defendants' motion.

The provisions of Rule 4:23-5 are intended, among other objectives, "[t]o ensure the delinquent party is aware of its derelictions and has the opportunity to correct them." Thabo, 452 N.J. Super. at 369. Here, like Thabo, "the system failed because both the motion judge and the attorney representing the moving party failed to follow the strict procedural requirements of Rule 4:23-5." Id. at 371.

## IV.

We conclude by reiterating the Supreme Court's admonition that because dismissal with prejudice is "the ultimate sanction," it should be imposed "only sparingly" and "normally . . . ordered only when no lesser sanction will suffice to erase the prejudice suffered by the non-delinquent party." Robertet Flavors, Inc. v. Tri-Form Const. Inc., 203 N.J. 252, 274 (2010). Here, that admonition was overlooked when the motion judge, in effect, dismissed plaintiffs' complaint by precluding them from presenting proofs of damage at trial.

A-3617-17T2

Defendants' motion was filed in disregard of the following requirements, deficiencies readily apparent from the motion and supporting certification: (1) the motion was filed out of time without a showing of good cause (Rule 4:24-2(a)); (2) defendants did not certify they had made a good faith effort to obtain the discovery before filing the motion (Rule 1:6-2(c)); (3) defendants did not certify they were not in default in discovery obligations owed to plaintiffs (Rule 4:23-5(a)(1)); and, (4) defendants invoked Rule 4:23-5(b) to bar plaintiffs from presenting expert testimony at trial even though defendants had never demanded an expert as required by Rule 4:23-5(b).

Plaintiffs were subjected to the functional equivalent of the "ultimate sanction" even though defendants had not only disregarded their own discovery obligations, but had also disregarded in their entirety the mandatory provisions of the rules authorizing the imposition of sanctions for failing to make discovery. The trial court misapplied its discretion by disregarding these mandates without an explanation for doing so and by imposing the equivalent of the ultimate sanction when the moving parties were delinquent and lesser sanctions would have sufficed to erase the prejudice to all parties. We thus vacate the order precluding plaintiffs from presenting expert or other testimony

concerning their damages. We also vacate the order denying their motion for reconsideration, as well as the order involuntarily dismissing their case.

We remand this matter to the trial court for further proceedings. The trial court shall conduct a conference and issue an order imposing reasonable deadlines for completion of discovery, dispositive motion practice, and if necessary, trial. Because defendants had a full opportunity to present their counterclaim and have not cross-appealed from its dismissal at trial, there is no need to litigate that issue a second time.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3617-17T2