**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."  Although it is posted on the Internet, this opinion is binding only on the parties in the case and its use in other cases is limited.  R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3062-19

MICHAEL J. KELSEY,

     Plaintiff-Appellant,

v.

PLYMOUTH ROCK ASSURANCE,
d/b/a PLYMOUTH ROCK
MANAGEMENT COMPANY OF
NEW JERSEY, d/b/a HIGH
POINT PREFERRED
INSURANCE COMPANY,

     Defendant-Respondent.

_____

Submitted October 6, 2021 – Decided November 5, 2021

Before Judges Whipple and Susswein.

On appeal from the Superior Court of New Jersey, Law Division, Morris County, Docket No. DC-001923-19.

Michael J. Kelsey, appellant pro se.

Tango, Dickinson, Lorenzo, McDermott & McGee, LLP, attorneys for respondent (Richard M. Tango, of counsel; Michael W. Cartelli, on the brief).

PER CURIAM

In this appeal, we considered whether the trial court abused its discretion in granting the defendant Plymouth Rock Assurance, d/b/a Plymouth Rock Management Company of New Jersey, d/b/a High Point Preferred Insurance Company (High Point)'s Rule 4:23-5(a)(2) motion for a dismissal with prejudice for plaintiff's failure to provide discovery. The trial court's January 2020 order only stated: "Plaintiff has failed to demonstrate compliance with Rule 4:23-5(a)(2)." We reverse.

Plaintiff Michael J. Kelsey's complaint alleged that a snowstorm damaged his primary residence on March 8, 2018, and that he reported the damage to defendant High Point in November 2018, but High Point denied the insurance claim. On March 8, 2019, Kelsey sued High Point for damages.

On June 3, 2019, the court entered an order dismissing Kelsey's complaint without prejudice for failure to provide discovery pursuant to Rule 4:23-5. On September 12, 2019, High Point moved to dismiss Kelsey's complaint with prejudice for failure to provide discovery pursuant to Rule 4:23-5. By letter dated October 1, 2019, High Point notified Kelsey that:

> [The] order can be vacated only by a formal motion. You must fully respond to demand for discovery pursuant to R. 4:17, R. 18-1 or R. 4:19 and served on behalf of High Point Preferred Insurance prior to the

2

filing of such motion, and you must pay a restoration fee of $100[] if the motion to vacate is made within [thirty] days after entry of this order, and in the amount of $300[] if the motion is made thereafter. . . .

Failure to file such a motion within [sixty] days after the entry of this order may result in the imposition of counsel fees and the assessment of costs against you or may forever preclude the restoration of the pleading(s) filed on your behalf.

On September 30, 2019, the court denied High Point's motion because "it fail[ed] to comply with R. 4:23-5(a) because it d[id] not recite the verbiage required in Appendix II-B."

On November 27, 2019, Kelsey filed a motion opposing High Point's interrogatories and to limit interrogatories to twenty-five questions "with no sub-parts." Kelsey asserted that he could not complete High Point's interrogatories due to his "medical disorders and disabilities" and because the questions "caused annoyance, additional expense, oppression and undue burden."

On December 5, 2019, High Point filed a second motion to dismiss Kelsey's complaint with prejudice for failure to provide discovery pursuant to Rule 4:23-5. High Point also filed a certification of counsel stating "[t]he motion to dismiss the [c]omplaint with prejudice has been served upon plaintiff in accordance with R. 4:23-5([a]) and the verbiage required in

3

[A]ppendix II-B."  On December 5, 2019, High Point advised Kelsey by letter that:

> [A] motion has been filed with the court by High Point Preferred Insurance Company seeking to dismiss with prejudice the pleading(s) filed on your behalf.  This relief is being requested because a previous order of dismissal without prejudice was entered and you have still not fully responded to demands for discovery pursuant to R. 4:17, R. 4:18-1 or R. 4:19.  If this motion is granted, your claim will be dismissed and may not be subject to restoration or your answer will be stricken and judgment by default may be entered against you.

On January 6, 2020, the court issued an order dismissing Kelsey's complaint with prejudice for failure to provide discovery pursuant to Rule 4:23-5.  The order stated: "Plaintiff has failed to demonstrate compliance with Rule 4:23-5(a)(2)."  The court made no additional findings but denied Kelsey's motion, to oppose and limit High Point's interrogatories, as moot.

"[T]he standard of review for dismissal of a complaint with prejudice for discovery misconduct is whether the trial court abused its discretion, a standard that cautions appellate courts not to interfere" absent injustice.  See Abtrax Pharms., Inc. v. Elkins-Sinn, Inc., 139 N.J. 499, 517 (1995).  Accordingly, "[a] trial court has inherent discretionary power to impose sanctions for failure to make discovery, subject only to the requirement that

4

they be just and reasonable in the circumstances." Id. at 513 (quoting Calabrese v. Trenton State Coll., 162 N.J. Super. 145, 151-52 (App. Div. 1978), aff'd, 82 N.J. 321, 413 (1980)). A trial court abuses its discretion when its "decision [is] made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis." United States v. Scurry, 193 N.J. 492, 504 (2008) (quoting Flagg v. Essex Cnty. Prosecutor, 171 N.J. 561, 571 (2002)).

"[B]ecause dismissal with prejudice is 'the ultimate sanction,' it should be imposed 'only sparingly' and 'normally . . . ordered only when no lesser sanction will suffice to erase the prejudice suffered by the non-delinquent party.'" Salazar v. MKGC Design, 458 N.J. Super. 551, 561-62 (App. Div. 2019) (alteration in original) (quoting Robertet Flavors v. Tri-Form Constr., Inc., 203 N.J. 252, 274 (2010)).

Rule 4:23-5 "authorizes motions and sanctions [for] a party's failure to make discovery," id. at 560, and "codifie[s] a two-step procedural paradigm . . . before the [court can impose a] sanction of dismissal of a complaint with prejudice for failing to answer interrogatories or provide other discovery." Thabo v. Z Transp., 452 N.J. Super. 359, 369 (App. Div. 2017) (citing St. James AME Dev. Corp. v. City of Jersey City, 403 N.J. Super. 480, 484 (App.

Div. 2008)).  A court must "scrupulously follow[] and technically compl[y]

with" the procedural steps.  See ibid. (citing Sullivan v. Coverings &

Installation, Inc., 403 N.J. Super. 86, 95 (App. Div. 2008)).

Parties and the court must first adhere to Rule 4:23-5(a)(1) for dismissal

without prejudice, before proceeding under Rule 4:23(a)(2) for dismissal with

prejudice.  Thus, the first step provides:

> If a demand for discovery pursuant to R. 4:17, R. 4:18,
> or R. 4:19 is not complied with and no timely motion
> for an extension or a protective order has been made,
> the party entitled to discovery may . . . move, on
> notice, for an order dismissing or suppressing the
> pleading of the delinquent party.  The motion shall be
> supported by an affidavit reciting the facts of the
> delinquent party's default and stating that the moving
> party is not in default in any discovery obligations
> owed to the delinquent party.  Unless good cause for
> other relief is shown, the court shall enter an order of
> dismissal or suppression without prejudice.  Upon
> being served with the order of dismissal or
> suppression without prejudice, counsel for the
> delinquent party shall forthwith serve a copy of the
> order on the client by regular and certified mail, return
> receipt requested, accompanied by a notice in the form
> prescribed by Appendix II-A of these rules,
> specifically explaining the consequences of failure to
> comply with the discovery obligation and to file and
> serve a timely motion to restore.  If the delinquent
> party is appearing pro se, service of the order and
> notice hereby required shall be made by counsel for
> the moving party.  The delinquent party may move on
> notice for vacation of the dismissal or suppression
> order at any time before the entry of an order of

dismissal or suppression with prejudice. The motion shall be supported by affidavit reciting that the discovery asserted to have been withheld has been fully and responsively provided . . . .

[R. 4:23-5(a)(1).]

The second step allows for dismissal with prejudice.

If an order of dismissal or suppression without prejudice has been entered pursuant to paragraph (a)(1) of this rule and not thereafter vacated, the party entitled to the discovery may, after the expiration of [sixty] days from the date of the order, move on notice for an order of dismissal or suppression with prejudice. The attorney for the delinquent party shall, not later than [seven] days prior to the return date of the motion, file and serve an affidavit reciting that the client was previously served as required by subparagraph (a)(1) and has been served with an additional notification, in the form prescribed by Appendix II-B, of the pendency of the motion to dismiss or suppress with prejudice. In lieu thereof, the attorney for the delinquent party may certify that despite diligent inquiry, which shall be detailed in the affidavit, the client's whereabouts have not been able to be determined and such service on the client was therefore not made. If the delinquent party is appearing pro se, the moving party shall attach to the motion a similar affidavit of service of the order and notices or, in lieu thereof, a certification as to why service was not made. Appearance on the return date of the motion shall be mandatory for the attorney for the delinquent party or the delinquent pro se party. The moving party need not appear but may be required to do so by the court. The motion to dismiss or suppress with prejudice shall be granted unless a motion to vacate the previously entered order of

7

> dismissal or suppression without prejudice has been filed by the delinquent party and either the demanded and fully responsive discovery has been provided or exceptional circumstances are demonstrated.
>
> [R. 4:23-5(a)(2).]

We reverse and remand for the following reason. The trial court abused its discretion by failing to make findings and by giving a bare explanation when it granted High Point's motion to dismiss with prejudice for Kelsey's failure to provide discovery pursuant to Rule 4:23-5. The court's one-sentence rationale – "Plaintiff has failed to demonstrate compliance with Rule 4:23-5(a)(2)" – is plainly insufficient.

The panel further notes that when delinquent parties appear pro se, Rule 4:23-5(a)(2) specifically requires that "the moving party shall attach to the motion an affidavit of service of the order and notices or, in lieu thereof, a certification as to why service was not made." The record before us does not show that High Point attached an affidavit of service to the motion in conformance with the rule.

Thus, the dismissal order is vacated, and plaintiff's complaint is reinstated. The trial court shall conduct a management conference within thirty-five days, then enter a discovery order specifying the remaining discovery needed and the deadlines for completion. Plaintiff shall, therefore,

have explicit notice of his discovery obligations and the consequences of failing to discharge those obligations within the proscribed time.

Our opinion should not be read as precluding defendant from seeking fees or appropriate sanctions stemming from the motion practice necessitated by plaintiff's failure to provide discovery. See R. 4:23-5(a)(3). Nor should it be read to preclude defendant from moving to dismiss plaintiff's complaint with prejudice based on any future failure to provide discovery.

Reversed and remanded for proceedings consistent with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

9

A-3062-19