**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1486-22

HELEN F. YATES, Administratrix
Ad Prosequendum for the Estate of
WILLIAM R. YATES,

     Plaintiff-Appellant,

v.

PORT AUTHORITY TRANS-
HUDSON CORPORATION,

     Defendant-Respondent.

_____

Submitted February 14, 2024 – Decided August 22, 2024

Before Judges Vernoia, Gummer and Walcott-Henderson.

On appeal from the Superior Court of New Jersey, Law Division, Hudson County, Docket No. L-0329-21.

Thomas J. Joyce, III (Marc J. Bern & Partners, LLP), attorney for appellant.

Thomas R. Brophy (Port Authority Law Department), attorney for respondent.

PER CURIAM

Plaintiff Helen Yates as administratrix ad prosequendum for the Estate of William R. Yates, her late husband, appeals from an order entered on December 6, 2022, granting summary judgment in favor of defendant Port Authority Trans-Hudson Corporation (PATH).  Plaintiff did not produce an expert report before the discovery deadline or a certificate of due diligence pursuant to Rule 4:17-7 when she provided in opposition to defendant's summary-judgment motion a report from an expert whom she had not named in her answers to interrogatories. The motion judge on the record barred the late report and entered an order on December 6, 2022, granting defendant's summary-judgment motion "subject to further rulings by [the Civil Division presiding judge] regarding reopening discovery."  We affirm that order.

The decedent worked for PATH from 1998 to 2016, first as a train car cleaner and then as a car repairman.  In those roles, his responsibilities included cleaning, inspecting, and repairing and replacing floor tiles in the train cars and "gackey plates" located under the cars.  He was also a tobacco cigarette smoker He was diagnosed with lung cancer on July 4, 2018, and died on July 29, 2018.

On January 25, 2021, plaintiff filed a complaint under the Federal Employers' Liability Act (FELA), 45 U.S.C. §§ 51 to 60, alleging that PATH had "failed to provide . . . [d]ecedent with a reasonably safe place to work as

2

required by the FELA" and failed to: "take any effective action . . . to minimize or eliminate . . . [d]ecedent's exposure to diesel exhaust, asbestos and second hand smoke[,]" including, "to test its diesel locomotives" and employees; "make reasonable efforts to inspect or monitor the levels/amounts of exposure"; further "engage in follow up monitoring"; "properly remediate known toxic substances including diesel exhaust, asbestos and second-hand smoke"; "warn . . . [d]ecedent of the risk of contracting cancer"; and provide decedent with protective equipment. Plaintiff claimed "defendant's negligence, in whole or in part, caused [or] contributed to the development of [d]ecedent's lung cancer and death."

Following the filing of defendant's answer on March 28, 2021, the case was assigned a discovery end date of February 22, 2022, pursuant to Rule 4:24-1(a). On July 1, 2021, PATH served its demand for production of documents and request for answers to interrogatories on plaintiff. In her interrogatory answers, plaintiff identified her "liability expert" as Hernando Rafael Perez, an industrial hygienist, and indicated that he was expected to testify about "PATH's negligence and [d]ecedent's exposure to harmful toxic substances." She also named "Dr. Newman," who would "opine that [p]laintiff[']s exposure to diesel

fuel, asbestos and secondhand smoke caused or contributed to his diagnosis of lung cancer."

Thereafter, discovery was extended by stipulation of the parties and later by the court in an April 29, 2022 order, and a new discovery end date of August 21, 2022, was set. In that same order, the court set other deadlines, requiring the depositions of all fact witnesses to be completed by May 19, 2022, plaintiff's expert reports to be served by June 19, 2022, and defendant's expert reports to be served by July 19, 2022. The parties participated in mandatory arbitration on September 21, 2022. Plaintiff did not produce an expert report before any of those deadlines.

On October 21, 2022, defendant moved for summary judgment, arguing in pertinent part, defendant had not received any expert report from plaintiff and that "none of decedent's medical records reflect an opinion that the decedent's cancer was caused by chemical exposure at PATH and instead reflect that he was a smoker for forty years." Defendant argued that because plaintiff had not produced an expert report linking decedent's alleged exposure to chemicals while working at PATH to his diagnosis of lung cancer, plaintiff could not establish causation – an essential element in any negligence suit – and summary judgment was warranted.

4

On November 10, 2022—nearly five months after the court-ordered deadline for plaintiff's expert reports—plaintiff attached a report from Mark Levin, M.D., as an exhibit to her brief in opposition to defendant's summary-judgment motion. In his report, Dr. Levin referenced and relied on "Dr. Hernando Perez's industrial hygiene report," though that report was never produced. On November 30, 2022, the court set a trial date of February 14, 2023.

On December 1, 2022, plaintiff moved to extend discovery. In her brief in support of the motion, plaintiff argued "defendant has intentionally and deliberately failed to properly answer [p]laintiff's Interrogatories and Request for Production of Documents." In plaintiff's counsel's certification in support of the motion, he certified that "[p]laintiff needs more time to obtain her liability expert report from Dr. Hernando Perez who is [p]laintiff's industrial hygiene expert." Counsel made that assertion despite Dr. Levin's purported reliance on "Dr. Perez's Industrial hygiene report" in his November 10, 2022 report.

On December 6, 2022, the court entered summary judgment in defendant's favor, in part finding plaintiff could not sustain her burden of proving defendant's alleged negligence in the absence of a timely-served report from her liability expert. The court further explained that plaintiff could make an

A-1486-22

application to the civil presiding judge for an extension of time to supply the report.

The judge entered an order that included the following language:

1. Motion is GRANTED (subject to further rulings by [the presiding judge] regarding reopening discovery).

2. The [c]ourt makes no finding as to whether [p]laintiff's expert opinion is a net opinion.

3. Defendant may refile that motion in the future, if necessary, if further discovery is permitted.

On January 6, 2023, the presiding judge denied plaintiff's first motion to extend discovery, finding:

[Rule] 4:24-1(c) requires a proposed form of [o]rder for a discovery extension [and] shall describe the proposed discovery to be completed and set forth the proposed dates of completion. This rule is over [twenty-two] years old. This [p]roposed form of [o]rder violates that rule. Any further requests to extend discovery must be made by formal motion.

On January 20, 2023, plaintiff appealed from the December 6, 2022 order granting summary judgment in favor of defendant. On February 7, 2023, while plaintiff's appeal was pending, plaintiff filed in the Law Division a second motion to extend discovery, arguing that she could show "exceptional circumstances" as required under Rule 4:24-1(c) and that discovery remained

6

incomplete because "defendant's counsel blatantly refused to provide any meaningful discovery [with] regard to [decedent's] exposure to asbestos while working for PATH from 1998 to 2016" and the co-workers plaintiff had intended to call as witnesses to corroborate decedent's exposure to asbestos at PATH have all since retired and "had signed agreements . . . that they would not testify against [defendant] in any FELA litigation."

The court denied plaintiff's motion without prejudice and without reaching the merits of the motion as plaintiff had failed to provide courtesy copies to the court.[1] No other discovery motions were filed, and plaintiff did not appeal from the orders denying the motions to extend discovery.

On appeal, plaintiff raises the following arguments for our consideration:

I.  THE TRIAL COURT ABUSED ITS DISCRETION BY EXCLUDING THE EXPERT REPORT OF MARK LEVIN, M.D.

II. THE TRIAL COURT ERRED IN RULING AS A MATTER OF LAW THAT THERE WERE NO GENUINE ISSUES OF MATERIAL FACT.

In her notice of appeal, plaintiff indicated she was appealing from the December 6, 2022 summary-judgment order. She did not reference the discovery orders in

---

[1] Rule 1:6-4 provides that, upon filing a motion, "a copy of all motion papers shall also be simultaneously submitted to the judge."

A-1486-22

her notice of appeal or case information statement, did not submit amended notices of appeal to include those orders in her appeal, and did not file separate notices of appeal from those orders.

I.

We review a grant of summary judgment de novo, Gilbert v. Stewart, 247 N.J. 421, 442 (2021), applying "the same standard as the trial court," State v. Perini Corp., 221 N.J. 412, 425 (2015). Summary judgment is proper if the record demonstrates "no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment . . . as a matter of law." Burnett v. Gloucester Cnty. Bd. of Chosen Freeholders, 409 N.J. Super. 219, 228 (App. Div. 2009) (quoting R. 4:46-2(c)).

Applying this standard, we are not persuaded the court erred in granting defendant's motion for summary judgment based on the absence of a timely expert report establishing causation. As argued by defendant, "[p]laintiff's late amendment to her interrogatories and late service of her expert report violated every provision of R[ule] 4:17-7." We agree.

"FELA plaintiffs must prove the traditional common law elements of negligence: duty, breach, foreseeability, and causation." Stevens v. N.J. Transit Rail Operations, 356 N.J. Super. 311, 319 (App. Div. 2003) (citing Aparicio v.

Norfolk and Western R.R. Co., 84 F.3d 803, 810 (6th Cir. 1996)).  "FELA's language on causation . . . 'is as broad as could be framed.'"  CSX Transp., Inc. v. McBride, 564 U.S. 685, 691 (2011) (quoting Urie v. Thompson, 337 U.S. 163, 181 (1949)).  However, that broad language does not eliminate a plaintiff's obligation to prove causation or strip from a trial judge his or her role as "the gatekeeper of expert witness testimony."  In re Accutane Litig., 234 N.J. 340, 389 (2018); see also.  Stevens, 356 N.J. Super. at 319.

We begin our review by acknowledging the broad discretion of courts to establish discovery deadlines.  See Pomerantz Paper Corp. v. New Cmty. Corp., 207 N.J. 344, 371 (2011) (quoting Rivers v. LSC P'ship, 378 N.J. Super. 68, 80 (App. Div. 2005)) ("'[w]e generally defer to a trial court's disposition of discovery matters unless the court has abused its discretion[,] or its determination is based on a mistaken understanding of the applicable law.'").  In addition, the "admission or exclusion of expert testimony is committed to the sound discretion of the trial court."  State v. Cotto, 471 N.J. Super. 489, 531 (App. Div. 2022) (quoting Townsend v. Pierre, 221 N.J. 36, 52 (2015)), certif. denied, 252 N.J. 166 (2022).  In the absence of "'a clear abuse of discretion[,]'" we "'will not interfere with the exercise of that discretion.'"  State v. McGuigan,

478 N.J. Super. 284, 306 (App. Div. 2024) (quoting Nicholas v Hackensack Univ. Med. Ctr., 456 N.J. Super. 110, 117 (App. Div. 2018)).

Here, plaintiff failed to provide any expert reports by the June 19, 2022 deadline set in the court's April 29, 2022 discovery order, and before the discovery end date. Instead, she submitted an untimely expert report—from a previously unnamed expert—three months after the close of discovery in her opposition to defendant's motion for summary judgment.

We also note that in granting the motion for summary judgment, the judge did not prevent plaintiff from moving to reopen discovery but expressly stated entry of its order granting summary judgment was subject to the presiding judge's determination regarding reopening discovery.

Plaintiff's subsequent motions, however, were denied; thus, plaintiff could not supplement the record with an expert's opinion on causation, an essential element in any negligence action. Stevens, 356 N.J. Super. at 319. Plaintiff did not appeal from the orders denying her discovery motions.

Moreover, Rule 4:23-5(b) provides: "[t]he court at trial may exclude the testimony of a treating physician or of any other expert whose report is not furnished pursuant to [Rule] 4:17-4(a) to the party demanding the same." R. 4:23-5(b). Under Rule 4:17-7, amendments to interrogatory responses "shall be

served not later than [twenty] days prior to the end of the discovery period" and "may be allowed thereafter only if the party seeking to amend certifies therein that the information requiring the amendment was not reasonably available or discoverable by the exercise of due diligence prior to the discovery end date." Absent a certification of due diligence, "the late amendment shall be disregarded by the court and adverse parties." R. 4:17-7. A valid certification of due diligence must provide a "precise explanation that details the cause of delay and what actions were taken during the elapsed time." Bender v. Adelson, 187 N.J. 411, 429 (2006). Plaintiff's untimely submission of her expert report—as an exhibit to her opposition to defendant's summary-judgment motion without a certificate of due diligence, did not conform to Rule 4:17–7.

Plaintiff's reliance on cases that predate the 2000 Best Practices rule amendments, requiring "stricter compliance with the discovery time frames than theretofore," see Pressler & Verniero, Current N.J. Court Rules, cmt. 1.1 on R. 4:17-7 (2024), is misplaced. As stated by the Bender Court:

> . . . Prior to the amendment of the rules, parties to litigation were expected to complete discovery within 150 days of service of the complaint. . . . However, that deadline was "rarely observed," and "attorneys [were] routinely granted extensions [with] no enforced discovery end date."
>
> . . . .

The Best Practices project resulted in rules that established a two-prong approach to ameliorate those problems and create state-wide uniformity in the discovery process. . . . [A]lthough the amended rules still permit extensions to discovery and amendments to interrogatories, they render it substantially more difficult to obtain extensions and amendments once discovery has ended and a trial or arbitration date is set. . . . The revised rules represent a carefully orchestrated compromise intended to "end[ ] the general expectation that a case [will] be reached for trial only after multiple adjournments."

[187 N.J. at 426 (internal citations omitted).]

Plaintiff's reliance on Salazar v. MKGC + Design, 458 N.J. Super. 551 (App. Div. 2019), and Hall v. Zuckerman, 202 N.J. Super. 455 (App. Div. 1985), is also misplaced. Plaintiff relies on those cases to support her argument that dismissal of her complaint was too harsh a penalty for her admittedly late submission of her expert report. But Salazar and Hall involved discovery sanctions the court had issued, not an order granting a party's summary-judgment motion. In Salazar, the defendants moved for discovery sanctions purportedly under Rule 4:23-5; the plaintiffs cross-moved to extend discovery with the consent of all parties. 458 N.J. Super. at 555. Ignoring the flaws in the defendants' motion and the defendants' own discovery failures, the court denied the cross-motion and granted the motion, sanctioning the plaintiffs by barring

them introducing at trial any evidence of damages not produced during discovery. Ibid. At trial, the court granted the defendants' motion for involuntary dismissal "based on the absence of any damage proofs." Id. at 556. In Hall, the court at trial limited the testimony of the experts the defendants had disclosed during discovery because they had not provided written reports, resulting in a judgment on damages we reversed due to "trial errors in evidential rulings." 202 N.J. Super. at 458-59.

Plaintiff's complaint wasn't dismissed as the result of a discovery sanction. It was dismissed when the court granted defendant's summary-judgment motion. In response to that motion, plaintiff did not cross-move to extend discovery. With no leave to do so, plaintiff submitted in response to the motion a late report from an expert witness she hadn't even named in discovery. Those circumstances are very different from the facts and procedural histories underlying Salazar and Hall. Under the circumstances of this case, we discern no error in the court's consideration of the summary-judgment motion before it or in its grant of the motion in favor of defendant in the absence of a validly- and timely-submitted expert report establishing causation, an essential element of her claim against defendant.

13

Plaintiff attributes the delay in serving the expert report to defendant's failure to "properly answer [her] Interrogatories and Request for Production of Documents," arguing that defendant did not come before the court with "clean hands." However, at no time did plaintiff move to compel discovery from defendant. Instead, the record shows that plaintiff's counsel communicated via email about the need to supplement discovery, and defense counsel provided three supplemental answers to interrogatories. Plaintiff's suggestion that her expert report was untimely because of defendant's actions is also unsupported by the record, and had plaintiff provided the requisite certificate of due diligence along with her motion to extend discovery, the court would have had a clearer picture of the attendant circumstances. Without a certificate of due diligence or any "precise explanation that details the cause of delay and what actions were taken . . . proving due diligence," Bender, 187 N.J. at 429, plaintiff's argument the court erred by not accepting the late expert report is unavailing.

Plaintiff failed to comply with the deadlines set forth in the April 29, 2022 order, which extended the discovery period and set a new discovery end date. After the discovery end date, defendant moved for summary judgment. Without cross-moving to extend discovery or for leave to submit late an expert report and without a Rule 4:17-7 certification, plaintiff submitted in opposition to the

14

motion a report from an expert witness she had not previously named in discovery. No rule of court or caselaw permits the procedure plaintiff followed in this case. In deciding the summary-judgment motion, the motion judge correctly declined to consider the late report from an undisclosed expert plaintiff had no authority to submit.

Having failed to submit timely an expert report in accordance with the April 29, 2022 order and applicable Rules of Court, plaintiff was unable to establish a prima facie case for negligence and accordingly, summary judgment was appropriate.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1486-22