**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2369-24

TERRI NEWMAN and
ERIC NEWMAN,

     Plaintiffs-Appellants,

v.

JOSE A. CABRERA and
ATTEEL TRANS,

     Defendants-Respondents.

_____

Argued January 28, 2026 – Decided April 16, 2026

Before Judges Gummer and Paganelli.

On appeal from the Superior Court of New Jersey, Law Division, Bergen County, Docket No. L-8293-21.

Nicholas A. Mattera argued the cause for appellants (Mattera, Mattera & Zisa, LLC, attorneys; Nicholas A. Mattera, of counsel and on the briefs).

Cassandra A. Willock argued the cause for respondents (Fishman McIntyre Levine Samansky, PC, attorneys; Cassandra A. Willock, of counsel and on the brief).

PER CURIAM

In this car-accident case, plaintiffs appeal an order denying their motion to restore the case to the calendar and to vacate prior orders dismissing their complaint with and without prejudice. Because the court abused its discretion by dismissing the case with prejudice without taking appropriate action to ensure compliance with the procedures required in Rule 4:23-5, we reverse the order and remand for further proceedings consistent with this opinion.

I.

On December 20, 2021, Joseph C. Zisa, Jr., Esq., then of the Law Offices of Joseph C. Zisa, Jr. (the Zisa firm), filed a complaint on behalf of plaintiffs Terri Newman and Eric Newman. Plaintiffs alleged in the complaint Terri Newman had been injured when her car collided with a car operated by defendant Jose Cabrera and owned by defendant Atteel Trans.[1]

After several discovery extensions, the trial court in a December 15, 2023 order compelled plaintiffs to appear for deposition on December 19, 2023, and set other discovery deadlines. The day before the scheduled depositions, defense counsel wrote twice to plaintiffs' counsel, seeking confirmation of the depositions. It is not clear from the record how defense counsel transmitted those writings to plaintiffs' counsel or whether plaintiffs' counsel received them.

---

[1] The record contains different spellings of defendant Trans's first name. We use the spelling contained in the complaint and defendants' answer.

Having received no response, defense counsel adjourned the depositions. Later that day, defense counsel learned the Zisa firm had merged with another firm. Someone from defense counsel's office called Mattera, Mattera & Zisa, LLC (the Mattera firm) and spoke with an assistant about the depositions. The assistant said she would call back to discuss the depositions, but defense counsel did not receive a return phone call.

On December 20, 2023, defendants moved to compel plaintiffs' depositions and extend discovery pursuant to Rule 4:24-1(c) or, alternatively, to dismiss the complaint for failure to comply with the court's December 15, 2023 order. In a January 18, 2024 letter, Nicholas A. Mattera, of the Mattera firm, asked the court for a two-week adjournment of the return date of the motion, indicating he had the consent of his adversary.[2] The court granted the request later that day and subsequently granted defendants' motion by compelling plaintiffs' depositions, setting new discovery deadlines, and scheduling arbitration.

Plaintiffs were deposed on January 25, 2024. In February 5, 2024 letters addressed to Zisa and Mattera at the Mattera firm, defense counsel made

---

[2] Mattera's son, Nicholas A. Mattera, Jr., was also affiliated with the Mattera firm. We use "Mattera" to reference the father and "Mattera, Jr." to reference the son. We understand the references in the record to "Nicholas A. Mattera" as meaning the father, unless otherwise indicated.

additional requests for documents and information. Defense counsel sent follow-up letters to them on February 28, 2024, and March 25, 2024. On April 10, 2024, defendants moved to adjourn the arbitration, compel discovery, and extend discovery deadlines. On April 26, 2024, the court issued a notice via eCourts scheduling oral argument for May 2, 2024. The notice was also emailed to defense counsel and "[p]laintiff[s'] [a]ttorney . . . JOSEPH C ZISA" at ZISALAWNJ@GAMIL.COM, JZISAESQ@GMAIL.COM, and APINA.LAW @GMAIL.COM.

At oral argument, Mattera, Jr. appeared on plaintiffs' behalf and advised the court his firm had taken over the case when his firm had "merged" with the Zisa firm. The court did not discuss with counsel whether a notice of substitution had been filed. As Mattera later explained to the court, his firm learned about the May 2, 2024 argument when the court called his office that day, asking where he was. Because Mattera was unavailable, Mattera, Jr. "[got on] the Zoom link" for the argument. In a May 2, 2024 order, the court granted defendants' motion, adjourned the arbitration, extended discovery deadlines, compelled plaintiffs to "provide all information requested by defendants in their February 5, 2024 letter," and permitted defendants to move to dismiss the complaint if plaintiffs failed to disclose certain information.

On June 4, 2024, defendants moved to dismiss the complaint without prejudice pursuant to Rule 4:23-5(a)(1) for failure to comply with the May 2, 2024 order or, alternatively, to compel and extend discovery and adjourn the arbitration. In support of the motion, defense counsel certified plaintiffs had not provided the discovery compelled in the May 2, 2024 order and noted no substitution of attorney had been filed on behalf of plaintiffs. Defense counsel also certified his firm had served copies of the motion papers on plaintiffs' counsel "[v]ia eCourts."

In a June 20, 2024 order, the court granted the motion as unopposed and dismissed the complaint without prejudice pursuant to Rule 4:23-5(a)(1) and Rule 4:23-2(b)(3) for failing to comply with the May 2, 2024 order. The court directed "that prior to moving for reinstatement of the complaint[,] plaintiffs must have complied with all the terms of the within order."

On September 10, 2024, defendants moved to dismiss the complaint with prejudice pursuant to Rule 4:23-5(a)(2). In support of the motion, defense counsel certified more than sixty days had elapsed since the court issued the June 20, 2024 order and plaintiffs had neither moved to vacate that order nor provided the outstanding discovery. According to defense counsel's certification of service, the motion papers were served on plaintiffs' counsel "[v]ia eCourts."

5

On September 17, 2024, the court issued two notices regarding the motion. In one notice, the court scheduled in-person oral argument for September 27, 2024, requiring "plaintiffs' attorney [to] appear with the plaintiffs." In the second notice, the court required plaintiffs' attorney to file an affidavit confirming plaintiffs had been served with the June 20, 2024 dismissal order pursuant to Rule 4:23-5(a)(1) and notice of the pendency of the motion to dismiss with prejudice pursuant to Rule 4:23-5(a)(2). The court posted the notices on eCourts and emailed them to defense counsel and "[p]laintiff[s'] [a]ttorney . . . JOSEPH C ZISA" at ZISALAWNJ@GAMIL.COM, JZISAESQ@ GMAIL.COM, and APINA.LAW@GMAIL.COM.

Plaintiffs' counsel did not oppose the motion, submit the required notices, or appear for oral argument. Defense counsel appeared for argument and advised the court he had not had any contact with plaintiffs' counsel since the motion was filed. In a September 27, 2024 order, the court dismissed the complaint with prejudice, finding more than sixty days had passed since the entry of the June 20, 2024 order and plaintiffs had "not demonstrated exceptional circumstances or provided fully responsive discovery such that a motion to vacate the previously entered order of dismissal could be made."

On January 15, 2025, plaintiffs' counsel filed a substitution of attorney, replacing the Zisa firm with the Mattera firm. On the same day, plaintiffs moved

to vacate the June 20, 2024 and September 27, 2024 orders and to restore the complaint to the calendar.

In support of the motion, Mattera certified that while the case was pending, the Zisa firm had merged with the Law Offices of Nicholas A. Mattera to form the Mattera firm. He asserted Zisa had retained his eCourts account and was the only attorney with access to the account. He stated he was the attorney handling this case, describing Zisa as being "semi-retired." He conceded his office, "through honest mistake," had failed to file a substitution of attorney in this case and that, as a result, the eCourts notices had been sent to Zisa at his eCourts account and not to a Mattera firm account. He certified his office had not received defendants' dismissal motions, the dismissal orders, or the September 17, 2024 notices and, consequently, he had not provided the required notices to plaintiffs. According to counsel, he learned about the order dismissing the case with prejudice from an attorney representing plaintiffs in another case who had discovered it while reviewing the case jacket on eCourts.

In a February 7, 2025 letter, Mattera advised the court he had sent defense counsel that day a letter "providing [a] full[] response" to defendants' "post deposition discovery letters."

Defendants opposed the motion. In a certification, defense counsel stated plaintiffs had not fully responded to defendants' discovery requests and

A-2369-24

submitted a copy of a February 14, 2025 letter in which defense counsel had objected to the information provided in the February 7, 2025 letter as "unresponsive."

After hearing argument, the court entered an order on February 28, 2025, denying plaintiffs' motion in its entirety. In an accompanying rider, the court found plaintiffs were "blameless" regarding the failure to file a substitution of attorney but "still not compli[ant] with their discovery obligations."

This appeal followed.

II.

We review an order deciding a motion to vacate for an abuse of discretion. See A & M Farm & Garden Ctr. v. Am. Sprinkler Mech., L.L.C., 423 N.J. Super. 528, 534 (App. Div. 2012) ("The decision to deny a motion to reinstate a complaint dismissed for failure to provide discovery lies within the discretion of the motion judge."). An abuse of discretion arises when "a decision is made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis." State v. Taylor, 261 N.J. 440, 449 (2025) (quoting Flagg v. Essex Cnty. Prosecutor, 171 N.J. 561, 571 (2002)) (internal quotation marks omitted).

Rule 4:23-5 "authorizes motions and sanctions concerning a party's failure to make discovery." Salazar v. MKGC + Design, 458 N.J. Super. 551, 560 (App.

Div. 2019). "The provisions of Rule 4:23-5 are intended, among other objectives, '[t]o ensure the delinquent party is aware of its derelictions and has the opportunity to correct them.'" Id. at 561 (alteration in original) (quoting Thabo v. Z Transp., 452 N.J. Super. 359, 369 (App. Div. 2017)). Rule 4:23-5 "imposes a duty on the motion judge 'to take action to obtain compliance with the requirements of the rule.'" Thabo, 452 N.J. Super. at 369 (quoting A & M, 423 N.J. Super. at 532).

Specifically, Rule 4:23-5 outlines "a two-step procedural paradigm that must be strictly-adhered to before the sanction of dismissal of a complaint with prejudice for failing to . . . provide other discovery can be imposed." Salazar, 458 N.J. Super. at 560 (quoting Thabo, 452 N.J. Super. at 369). "These procedural requirements must be scrupulously followed and technically complied with." Thabo, 452 N.J. Super. at 369. In order to satisfy the procedural requirements of Rule 4:23-5, a court must afford "meticulous attention" to its provisions, "particularly to those provisions which are intended to afford a measure of protection to the party who is faced with the ultimate litigation disaster of termination of his cause." A & M, 423 N.J. Super. at 535 (quoting Zimmerman v. United Servs. Auto. Ass'n, 260 N.J. Super. 368, 376-377 (App. Div. 1992)). Therefore, "the main objective of the two-tier sanction process in Rule 4:23-5 is to compel discovery responses rather than to dismiss

the case." Id. at 534. The rule reflects our guiding principle that "[t]he best way to foster the public confidence in our civil courts is to decide cases on their merits." Salazar, 458 N.J. Super. at 560 (quoting Thabo, 452 N.J. Super. at 371).

Rule 4:23-5(a)(1) "requires the party aggrieved by the delinquent party's failure to fulfill its discovery obligations to move to dismiss the complaint without prejudice." Thabo, 452 N.J. Super. at 369. "To ensure the delinquent party is aware of its derelictions and has the opportunity to correct them," Rule 4:23-5(a)(1) requires the delinquent party's counsel to "'serve a copy of the order on the client . . . accompanied by a notice in the form prescribed by Appendix II-A . . . specifically explaining the consequences of failure to comply with the discovery obligation and to file and serve a timely motion to restore.'" Id. at 369-70 (emphasis omitted) (quoting R. 4:23-5(a)(1)). After entry of an order of dismissal without prejudice, the delinquent party may vacate the dismissal "at any time before the entry of an order of dismissal . . . with prejudice." R. 4:23-5(a)(1).

If the delinquent party does not timely cure the default and vacate the dismissal pursuant to Rule 4:23-5(a)(1), Rule 4:23-5(a)(2) permits the opposing party to move for dismissal with prejudice after sixty days from entry of the without-prejudice dismissal order has elapsed. Thabo, 452 N.J. Super. at 370. Rule 4:23-5(a)(2) imposes "two non-waivable obligations" on the delinquent

party's attorney: "(1) file an affidavit with the motion judge indicating that the client has been notified of the pending motion's legal consequences . . . ; and (2) personally appear before the motion judge on the return date of the motion." Thabo, 452 N.J. Super. at 371.

Rule 4:23-5(a)(3) addresses situations in which a delinquent party's counsel fails to comply with the requirements set forth in Rule 4:23-5(a)(2). Rule 4:23-5(a)(3) provides, in relevant part:

> If the attorney for the delinquent party fails to timely serve the client with the original order of dismissal . . . without prejudice, fails to file and serve the affidavit and the notifications required by this rule, or fails to appear on the return date of the motion to dismiss . . . with prejudice, the court shall, unless exceptional circumstances are demonstrated, proceed by order to show cause or take such other appropriate action as may be necessary to obtain compliance with the requirements of this rule.

See also Thabo, 452 N.J. Super. at 371. Rule 4:23-5(a)(3) also imposes an independent obligation on the court to "take 'appropriate action as may be necessary to obtain compliance'" and "exercise its inherent authority to make certain its decision to terminate the litigation is an informed one." A & M, 423 N.J. Super. at 538 (quoting R. 4:23-5(a)(3)). In other words, on consideration of a motion to dismiss a pleading with prejudice, "the court must take some action to obtain compliance with the requirements of the rule before entering an

order of dismissal . . . [and] must set forth what effort was made to secure compliance on the record or on the order." Id. at 539. Nonetheless, the action required "is a matter within the discretion of the motion judge, giving due consideration to the circumstances of the case and the goal of the rule to compel discovery responses." Id. at 538.

This case demonstrates why compliance with the required procedures of Rule 4:23-5 is so important. Plaintiffs' counsel failed to file a substitution of attorney when the two firms merged. Consequently, all eCourts notices were directed to Zisa's account and not to any account maintained by the Mattera firm. As the trial court found, plaintiffs were "blameless" in the failure to file the substitution of attorney.

Defense counsel served its dismissal motion papers on plaintiffs' counsel "[v]ia eCourts." Because no substitution of attorney had been filed, the Mattera firm and, consequently, plaintiffs did not receive anything purportedly served by eCourts, including the dismissal motions, the resulting orders, and the court's September 17, 2024 notices.

The court may have issued those notices directing plaintiffs and their counsel to attend oral argument of the motion to dismiss with prejudice and requiring plaintiffs' counsel to submit an affidavit confirming plaintiffs had been served with the June 20, 2024 dismissal order and had been informed about the

pending motion to dismiss with prejudice. But the court did not take sufficient action to ensure compliance with those requirements. It did not, as Rule 4:23-5(a)(3) requires, "proceed by order to show cause or take such other appropriate action as may be necessary to obtain compliance with the requirements of this rule."

During the February 28, 2025 argument, the court stated that when it did not receive the required affidavit, it had called Zisa at "whatever phone number was on the file in eCourts because he was the attorney of record," and called him again on September 27, 2024, when he did not appear for oral argument of the with-prejudice dismissal motion. But the court already had been advised about the firm merger by Mattera, Jr. during his May 2, 2024 appearance, and about the failure to file a substitution of attorney in defense counsel's certification in support of the June 4, 2024 with-prejudice dismissal motion. On notice of the firm merger and that no substitution of attorney had been filed, the court should have done more than place one or two calls to the prior law firm's phone number. For example, the court could have telephoned the Mattera firm, as it had done during the May 2, 2024 argument.

To be clear, plaintiffs' counsel was responsible for filing a substitution of counsel, but the court bore responsibility for ensuring compliance with the

requirements of <u>Rule</u> 4:23-5 before dismissing with prejudice the complaint of "blameless" plaintiffs.  That didn't happen here.

We reverse the February 28, 2025 order in its entirety because it is clear plaintiffs were not actually served with the dismissal motions or orders and the court did not comply with its obligations under <u>Rule</u> 4:23-5.  We remand the case with instructions the trial court restore the case to the active trial calendar and conduct a case management conference within thirty days of the date of this order to determine what discovery, if any, remains outstanding and issue an appropriate case management order.

Reversed and remanded for proceedings consistent with this opinion.  We do not retain jurisdiction.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

M.C. Harley

Clerk of the Appellate Division

A-2369-24