**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. <u>R.</u> 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1114-19

DAVISON, EASTMAN &
MUNOZ, P.A.,

      Plaintiff-Respondent/
      Cross-Appellant,

v.

DONNA H. CLANCY and
DERMOTT CLANCY,

      Defendants-Appellants/
      Cross-Respondents.

_____

      Argued December 16, 2021 – Decided December 28, 2021

      Before Judges Haas and Mawla.

      On appeal from the Superior Court of New Jersey, Law
      Division, Monmouth County, Docket No. L-0834-16.

      Vincent P. Manning argued the cause for
      appellants/cross-respondents (Manning, Caliendo &
      Thomson, PA, attorneys; Vincent P. Manning, on the
      briefs).

      Meredith Kaplan Stoma argued the cause for
      respondent/cross-appellant (Lewis Brisbois Bisgaard &

Smith, LLP, attorneys; Meredith Kaplan Stoma, of counsel; Jeffrey S. Leonard, on the briefs).

PER CURIAM

Defendants Donna and Dermott Clancy appeal from: a January 25, 2019 order denying their motion to transfer venue; a September 13, 2019 order denying their motion to reopen discovery; and an October 2, 2019 order and consent judgment granting plaintiff Davison, Eastman & Munoz, P.A.'s motion in limine dismissing defendants' legal malpractice counterclaim and entering judgment in plaintiff's favor. Plaintiff cross-appeals from a May 24, 2019 order denying its motion for partial summary judgment. We affirm in part and reverse and remand in part for further proceedings consistent with this opinion.

Defendants retained plaintiff to defend a foreclosure action and reinstate and modify their mortgage with the bank holding the note on their home. Defendants entered a repayment plan with the bank, plaintiff's representation concluded, and thereafter defendants defaulted on the note.

In March 2016, plaintiff filed a complaint against defendants for nonpayment of legal fees incurred in the foreclosure representation. Defendants counterclaimed for legal malpractice, alleging plaintiff failed to pursue counterclaims for fraud and breach of contract against their bank.

2

In August 2018, plaintiff filed a motion for partial summary judgment on grounds defendants' legal malpractice expert report was a net opinion. Two months later defendants moved to transfer venue, alleging they could not receive a fair trial in Monmouth Vicinage. They claimed that one of the attorneys representing plaintiff boasted he could influence the outcome of the case, as he was married to a judge in the vicinage. Defendants also asserted a judge who conducted a settlement conference revealed their "bottom line" settlement number to plaintiff.

The Assignment Judge issued a detailed written decision denying the venue transfer motion. She found "defendants failed to establish 'substantial doubt' or any doubt that they will not receive a fair and impartial trial or hearing." She noted defendants knew about the attorney's relationship to a vicinage judge and his alleged influence but did not seek a new venue "because decisions of various judges went in their favor[.]"

The judge found no merit to support defendants' claim that their settlement position was communicated to plaintiff. She also stated, "based on this allegation alone, no harm would result in transferring the pending motion to another judge, and if a trial is necessary, it will not be assigned to [the settlement conference judge]." The judge concluded "there is absolutely no reason why the

entire Monmouth County judiciary should be recused from this case[,]" and entered the January 25, 2019 order.

On May 24, 2019, a different judge denied plaintiff's motion for summary judgment without prejudice, finding defendants' expert "supplied sufficient detail and specific reference to authority" and was not a net opinion. The trial date was set for September 23, 2019.

On August 7, 2019, defendants' expert withdrew from the case, citing his age and "the stress of court work" on his health. Plaintiff consented to defendants' request to reopen discovery to allow defendants to obtain another expert. On August 28, defendants filed a motion to reopen discovery, setting forth the reasons for the expert's withdrawal, and requesting sixty days to obtain a new expert report. On September 23, 2019, the same judge who heard the summary judgment motion denied the motion and wrote on the order there were "no grounds stated to extend on this 2016 [d]ocket [n]umber."

Plaintiff filed a motion in limine to dismiss defendants' counterclaim for lack of an expert report. The motion was heard on September 23, 2019, by the trial judge. The trial judge cited our decision in Cho v. Trinitas Regional Medical Center., 443 N.J. Super. 461, 470 (App. Div. 2015), which held motions in limine should not be utilized to extinguish an adversary's case.

A-1114-19

Notwithstanding the holding in <u>Cho</u>, the judge concluded he was bound by the order denying the request to reopen discovery and found defendants could not support their legal malpractice claim without an expert. The judge cited the age of the case and concluded he had no choice but to grant the motion "based on the failure to have an expert."

The parties subsequently entered a consent judgment on October 2, 2019, awarding plaintiff $35,000, and dismissing the remainder of the action, including defendants' legal malpractice counterclaim, with prejudice. The parties agreed to stay the judgment pending appeal and agreed if the matter were remanded, the judgment would be void ab initio.

Defendants raise the following points on appeal:

> I. THE COURT ERRED IN DENYING DEFENDANT[S'] MOTION TO ADJOURN THE TRIAL DATE AND RE-OPEN DISCOVERY TO ALLOW FOR A SUBSTITUTE EXPERT WITNESS WHICH WAS NECESSARY TO SUSTAIN THE DEFENDANT[S'] BURDEN OF COUNTERCLAIM PROOF.
>
> II. THE COURT ERRED IN DENYING THE MOTION TO CHANGE VENUE.
>
> III. THE COURT ERRED IN GRANTING PLAINTIFF'S MOTION IN LIMINE TO BAR EVIDENCE OF FRAUD BY WELLS FARGO.

5

IV. THE COURT ERRED IN DISMISSING DEFENDANT[S'] COUNTERCLAIM WITH PREJUDICE.

On the cross-appeal, plaintiff argues as follows:

V. THE TRIAL COURT ERRED IN NOT GRANTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT.

I.

We review a trial court's decision determining whether to extend a period of discovery for abuse of discretion. Leitner v. Toms River Reg'l Schs., 392 N.J. Super. 80, 87 (App. Div. 2007). Rule 4:24-1(c) permits an extension of discovery after the discovery period has closed upon a showing of exceptional circumstances. Exceptional circumstances are satisfied when the movant can show:

> (1) why discovery has not been completed within time and counsel's diligence in pursuing discovery during that time; (2) the additional discovery or disclosure sought is essential; (3) an explanation for counsel's failure to request an extension of the time for discovery within the original time period; and (4) the circumstances presented were clearly beyond the control of the attorney and litigant seeking the extension of time.
>
> [Rivers v. LSC P'ship, 378 N.J. Super. 68, 79 (App. Div. 2005).]

6

We have stated:

> In our judicial system, "justice is the polestar and our procedures must ever be moulded and applied with that in mind." N.J. Highway Auth. v. Renner, 18 N.J. 485, 495 (1955) . . . . "There is an absolute need to remember that the primary mission of the judiciary is to see justice done in individual cases. Any other goal, no matter how lofty, is secondary." Santos v. Est. of Santos, 217 N.J. Super. 411, 416 (App. Div. 1986).
>
> . . . For that reason, "[u]nless otherwise stated, any rule may be relaxed or dispensed with by the court in which the action is pending if adherence to it would result in an injustice." [R. 1:1-2(a).]
>
> [Salazar v. MKGC Design, 458 N.J. Super. 551, 557-58 (App. Div. 2019) (first alteration in original).]

Having thoroughly reviewed the record, we are convinced the refusal to grant defendants' motion to reopen discovery caused an unjust result. Exceptional circumstances clearly warranted extending the discovery period. Defendants were diligent in retaining an expert who produced a report within the original discovery timelines. Their expert unilaterally abandoned them at the eleventh hour, through no fault of their own. Defendants acted promptly, obtained plaintiff's consent to an extension, and filed the appropriate motion. As the trial judge noted, an expert was essential to defendants' case. Therefore, all four criterion for exceptional circumstances were met. The judge, in denying the request to reopen discovery, failed to address the exceptional circumstances

7

criterion. His exclusive reliance on the age of the case, in the face of clear evidence warranting a relaxation of the Court Rules in the interests of justice, was error.

For these reasons, we reverse the September 13, 2019 discovery order and remand the matter to the trial judge to set reasonable and firm deadlines for the completion of discovery so defendants can secure a new expert opinion. Accordingly, we also reverse the October 2, 2019 judgment dismissing defendants' counterclaim with prejudice.

We do not address in depth defendants' claims regarding the motion in limine, except to note that absent the erroneous September 13, 2019 order, the motion in limine should have been denied because it sought dispositive relief to extinguish defendants' case. "[W]e have repeatedly condemned the filing or consideration of in limine motions that seek an action's termination." L.C. v. M.A.J., 451 N.J. Super. 408, 411 (App. Div. 2017) (citing Cho, 443 N.J. Super. at 470-71). New Court Rules were recently promulgated to underscore this point. See R. 4:25-8(a)(1) (defining a motion in limine "as an application returnable at trial for a ruling regarding the conduct of the trial, including admissibility of evidence, which motion, if granted, would not have a dispositive

impact on a litigant's case."). For these reasons, the October 2, 2019 order granting the motion in limine is reversed.

II.

Defendants' arguments regarding the motion to change venue lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E). A change of venue may be ordered by the Assignment Judge "if there is a substantial doubt that a fair and impartial trial can be had in the county where venue is laid . . . ." R. 4:3-3(a)(2). The movant bears the burden of demonstrating good cause for the change. Pressler & Verniero, Current N.J. Court Rules, cmt. on R. 4:3-3 (2022); see Barlyn v. Dow, 436 N.J. Super. 161, 185 (App. Div. 2014). A change of venue is warranted when there is clear and convincing evidence that a fair and impartial trial cannot be had in a venue. State v. Koedatich, 112 N.J. 225, 267 (1988). Decisions relating to a change of venue will not be disturbed on appeal except upon a showing of abuse of discretion. State v. Harris, 156 N.J. 122, 144-45 (1998). We reject defendants' challenges to the January 25, 2019 order denying a change venue and affirm for the reasons expressed in the Assignment Judge's opinion.

## III.

Finally, plaintiff argues in its cross-appeal that the court erred in not granting its motion for summary judgment dismissing defendants' counterclaim on grounds defendants' expert offered a net opinion. Given our reversal of the order dismissing the counterclaim and conclusion defendants should have the opportunity to retain a new expert, we do not reach the merits of the May 24, 2019 order denying summary judgment. Plaintiff can decide whether to seek summary judgment again following the close of discovery.

Affirmed in part and reversed and remanded in part. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION