**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2121-23

KOHN & KOHN REALTY, LLC,
CAROL L. KRUEGLE TRUST,
JENNIFER M. LAWLOR, an
individual, JAMES D. HANNAH &
LESLEE A. JACKSON, husband
and wife, NORMA C. COSTA &
CLAUDIA COSTA, mother and
daughter,

    Plaintiffs-Appellants,

v.

MARGARET A. UHRICH,
MICHAEL P. UHRICH, WILLIAM
D. MARTIN, and WILLIAM D.
MARTIN REVOCABLE TRUST,

    Defendants-Respondents.

_____

MICHAEL P. UHRICH, MARGARET
A. UHRICH,

    Plaintiffs-Respondents,

v.

MARIANO D. MOLINA, ALI

MOLINA, BOB VAN BUREN,
ROBYN VAN BUREN, JOE CORBI,
DANA CORBI, MANNY GUARDA,
JOANNA GUARDA, CHRIS NICOSIA,
HILLARY BELL, JOEL HENKIN
and ELLEN S. HENKIN, and
WILLIAM D. MARTIN,

     Defendants,

and

KOHN & KOHN REALTY, LLC,
JENNIFER M. LAWLOR AND
MATTHEW F. DICZOK, JAMES
D. HANNAH and LESLEE A.
JACKSON, CAROL L. KRUEGLE
TRUST, NORMA C. COSTA and
CLAUDIA COSTA,

     Defendants-Appellants.

_____

> Argued September 19, 2024 – Decided October 1, 2024
>
> Before Judges Mawla, Natali, and Vinci.
>
> On appeal from an interlocutory order of the Superior Court of New Jersey, Chancery Division, Ocean County, Docket Nos. C-000099-22 and C-000101-22.
>
> Richard P. DeAngelis, Jr. argued the cause for appellants (Connell Foley LLP, attorneys; Timothy E. Corriston, of counsel; Richard P. DeAngelis, Jr., of counsel and on the briefs; Meredith Sarah Rubin, on the briefs).

Richard Michael King, Jr. argued the cause for respondents (KingBarnes, attorneys; Richard Michael King, Jr. and Marissa J. Hermanovich, on the brief).

PER CURIAM

We granted plaintiffs Kohn & Kohn Realty, LLC, Carole L. Kruegle Trust, Jennifer M. Lawlor, James D. Hannah, Leslee A. Jackson, and Norma C. and Claudia Costa leave to appeal from a February 15, 2024 order, which granted defendants Michael and Margaret Uhrich, William D. Martin, and William D. Martin Revocable Trust's motion to bar admission of plaintiffs' expert reports[1] at trial. We reverse and remand for the reasons expressed in this opinion.

This matter concerns a dispute regarding defendants' construction of new bulkhead, which plaintiffs claimed obstructed their ability to use an easement that granted them access to Barnegat Bay on Long Beach Island. Defendants own property fronting Barnegat Bay on Friends Way. Plaintiffs also own homes on Friends Way, and their deeds grant them a twenty-foot-wide easement down to defendants' property. For decades, plaintiffs have used the easement to access the bay for recreational purposes.

---

[1] Although the order barred both of plaintiffs' experts, plaintiffs' appellate briefs focus on the report of their engineering expert, which we in turn discuss.

Martin has owned his property since the 1980s. The bulkhead on the Martin property did not extend into the easement. The Uhrichs purchased their property in 2020. The Uhrichs planned to replace the dilapidated bulkhead on their property, which did extend into the easement. The bulkhead builder recommended they connect their new bulkhead with Martin's. Although the new bulkhead was constructed in accordance with township code, which required an elevation of six feet above mean sea level, it was done without State and Township permits. The New Jersey Department of Environmental Protection (DEP) initially issued a permit, but later terminated it because the Uhrichs did not: disclose the construction was within an easement; obtain the consent of easement holders; and show the attachment of the bulkhead to the Martin property in the approved plan.

In May 2022, plaintiffs filed a complaint in the Chancery Division seeking a declaratory judgment that the bulkhead: interfered with their easement; unlawfully obstructed the easement area; and tortiously interfered with their ability to advertise their properties as summer rentals with bay access. In addition to the declaratory relief, plaintiffs sought a judgment requiring the Uhrichs to remove the bulkhead and restore the section over the easement area to its previous configuration, as well as a judgment enjoining defendants from

restricting access to the bay, compensatory and punitive damages, and attorneys' fees and costs.[2]  Defendants filed their own complaint seeking a declaratory judgment regarding who could use the easement, including the activities and structures permitted in it, punitive damages, and other relief not relevant to our discussion.  The court consolidated both matters.

On August 17, 2022, the court entered a case management order setting an initial discovery schedule, including that all depositions be completed by December 15, 2022, and expert reports be served by January 30, 2023.  On August 14, 2023, the court entered a case management order requiring all fact and expert witness discovery be completed by September 29, 2023.  The order granted plaintiffs the ability to file a responsive expert report within twenty days of receiving the defense's expert report.  Further, the order stated a trial readiness conference would occur on December 18, 2023, and scheduled trial for January 9, 2024.

---

[2]  In April 2023, plaintiffs amended their complaint to include a count against Martin for interference with the easement regarding the construction of the bulkhead on his property.  The Uhrichs also amended their complaint to include claims for intentional interference with prospective economic advantage, slander of title, and punitive damages arising from plaintiffs reporting the inaccuracies in the Uhrichs' permit to the DEP.

On October 3, 2022, the court granted plaintiffs partial summary judgment. It ruled the title to plaintiffs' properties included the right to the easement "for access to both Long Beach Boulevard and the water of the Barnegat Bay."

On November 17, 2023, plaintiffs again moved for summary judgment and appended an engineering expert report to the motion. The expert report was separately served by email on defendants the same day. Defense counsel responded he could not accept the report because it was served late, and he had "made decisions and refrained from certain investigation and litigation activities based upon the absence of these reports."

Plaintiffs also wrote to the court on November 17, 2023, seeking an adjournment of the trial and a case management conference. They explained "[t]he parties had been working cooperatively to schedule and conduct numerous depositions." Due to scheduling conflicts and plaintiffs' expert's ill health, the parties agreed to a revised case management schedule, which included that plaintiffs' counsel offered defense counsel deposition dates between November 8 and 17, 2023.

6

On December 5, 2023, defendants filed a cross-motion for summary judgment. On December 22, 2023, defendants filed a motion to bar plaintiffs' expert reports.

Following a settlement conference on January 3, 2024, the court adjourned trial from January 9, 2024, to January 29 and 30, 2024. On January 12, 2024, the court denied each party's motion for summary judgment. Defendants advised they were unable to proceed with trial on January 29. As a result, the court heard oral argument on the motion to bar, adjourned trial to April 30, 2024, and advised it would decide the motion to bar on the first day of trial. Plaintiffs requested the court decide the motion sooner, to enable the parties to prepare for trial.

At the January 12 oral argument, plaintiffs' counsel stated the expert reports were served late, because the parties were discussing this issue in tandem with the completion of depositions of both fact and expert witnesses, which defense counsel insisted upon taking. Defense counsel denied the two issues were interrelated.

Plaintiffs' counsel also claimed the delay was occasioned by the fact their expert had experienced health problems, and counsel "kept waiting for . . . him to get out of the woods with respect to his health issues." Counsel explained the

expert was important to his clients' case "not just because he's an engineer, . . . he's a commercial diver, . . . a dock builder, and . . . [would be] an excellent and . . . compelling witness . . . ." Counsel also filed a certification in opposition to the motion to bar, claiming defense counsel "did not communicate at that time that he no longer wished to depose" certain fact witnesses and "[t]he first [plaintiffs] learned that he no longer wished to depose [them] was by way of his December 4 letter to the [c]ourt that came more than two weeks after [p]laintiffs filed their motion for summary judgment."

Plaintiffs' expert filed a certification stating he was retained in December 2022 and inspected the property in February 2023 to evaluate "safety issues related to bay access over the bulkhead and whether the new bulkhead could be modified to allow access consistent with what existed prior to its construction." The expert explained he had multiple orthopedic surgeries over the prior year, which impacted his ability to do his work, beginning in January 2023, then March 2023, June 2023, August 2023, and September 2023. Following the last surgery, he was hospitalized on September 12, 2023, with complications, and was not released until late in the evening on September 25, 2023. He required further treatment and medication during his convalescence at home, which lasted until November 6, 2023.

The expert explained he worked sporadically between September and November 2023. He had to attend many doctor's appointments and only recently returned "to a more normal daily schedule." He also had more surgeries scheduled.

Defense counsel acknowledged plaintiffs' expert had health problems. He spoke with plaintiffs' counsel on September 29, 2023, and agreed plaintiffs would serve their expert reports on October 20, 2023, with depositions to occur on October 27, 2023. However, defense counsel said he never received the expert report on October 20. Counsel also filed a certification with the motion to bar in which he stressed he rejected the reports because "[u]nder no circumstances did [defendants] ever agree that expert reports could be served on November 17[] . . . and Defendants would be prejudiced if required to accept or respond to [p]laintiffs' expert reports served months out of time, shortly before trial." He further certified he made strategic decisions on behalf of his client based on the fact plaintiffs were not relying on expert evidence, including "elect[ing] not to take a number of depositions because [defendants] felt comfortable with [their] record before the [c]ourt as [they] moved toward trial."

Defense counsel argued plaintiffs' expert reports were not dispositive "and their absence would not render . . . [p]laintiffs' claim futile." Further, given that

plaintiffs knew about their expert's health problems, they could have hired another expert, or formally move to extend discovery. Defendants alleged plaintiffs had not shown exceptional circumstances for the late expert submission, they also lacked good cause to extend discovery, and defendants would be prejudiced by the late submission.

When the court asked plaintiffs' counsel what the exceptional circumstances were to warrant an extension of discovery, counsel pointed out the expert was "out of commission between September [and] November" 2023, due to his health problems. The court questioned whether an expert was necessary because plaintiffs won partial summary judgment, declaring they had a right to access the bay from the easement area. However, plaintiffs' counsel pointed out "now the issue is . . . whether the bulkhead should come down . . . [a]nd there is [a] need for testimony as to whether and how that can occur . . . [and] whether it was reasonable access . . . ." The court remarked that an expert was unnecessary to comment on these issues. The parties could testify about how "they were impacted by the construction of that bulkhead . . . [and] how it's changed the nature of the easement . . . ."

On February 15, 2024, the court entered an order barring plaintiffs' experts from testifying at trial. Its written findings explained it granted the motion by

10

adopting the reasons set forth in defendants' brief "and for the failure of the opposition to establish exceptional circumstances warranting the late admission of the prof[f]erred reports."

## I.

On appeal, plaintiffs argue the trial court made no findings as to why it barred their expert. They assert the court ignored the purpose of our best practices rules and abused its discretion, because there were exceptional circumstances, namely, their expert's severe health issues. Moreover, defendants failed to explain how they would be prejudiced by an adjournment, especially because they were willing to enter a modified case management schedule to accommodate any discovery difficulties. Plaintiffs contend they cannot meet the burden of proof as to damages without their expert.

We review a trial court's decision determining whether to extend a period of discovery for abuse of discretion. Leitner v. Toms River Reg'l Schs., 392 N.J. Super. 80, 87 (App. Div. 2007). Rule 4:24-1(c) permits an extension of discovery after the discovery period has closed, upon a showing of exceptional circumstances. Exceptional circumstances are satisfied when the movant can show

> (1) why discovery has not been completed within time and counsel's diligence in pursuing discovery during

that time; (2) the additional discovery or disclosure sought is essential; (3) an explanation for counsel's failure to request an extension of the time for discovery within the original time period; and (4) the circumstances presented were clearly beyond the control of the attorney and litigant seeking the extension of time.

[Rivers v. LSC P'ship, 378 N.J. Super. 68, 79 (App. Div. 2005) (citing Vitti v. Brown, 359 N.J. Super. 40 (Law Div. 2003)).]

We have stated:

In our judicial system, "justice is the polestar and our procedures must ever be moulded and applied with that in mind." N.J. Highway Auth. v. Renner, 18 N.J. 485, 495 (1955) . . . . "There is an absolute need to remember that the primary mission of the judiciary is to see justice done in individual cases. Any other goal, no matter how lofty, is secondary." Santos v. Est. of Santos, 217 N.J. Super. 411, 416 (App. Div. 1986).

. . . For that reason, "[u]nless otherwise stated, any rule may be relaxed or dispensed with by the court in which the action is pending if adherence to it would result in an injustice." [R. 1:1-2(a).]

[Salazar v. MKGC Design, 458 N.J. Super. 551, 557-58 (App. Div. 2019) (second alteration in original).]

Having thoroughly reviewed the record, we are convinced the decision to bar plaintiffs' experts was a misapplication of discretion and could lead to an unjust result. There were exceptional circumstances that clearly warranted extending the discovery period. Although we have refrained from discussing

the details of plaintiffs' expert's medical procedures and ailments in the interests of his privacy, his medical problems were substantial. The expert's condition, in addition to the fact plaintiffs explained why this expert was important to their case, warranted the trial court accommodating an additional extension of the discovery deadlines.

The record also shows plaintiffs acted with diligence in that they and defense counsel maintained an open line of communication and accommodated one another during the discovery period. Once defense counsel told plaintiffs he could no longer accommodate an extension of discovery, plaintiffs' counsel communicated with the court about an extension. We recognize plaintiffs should have filed a motion to extend the discovery deadlines, but the record shows the court, and counsel, worked collaboratively and informally to schedule conferences to resolve the pre-trial issues during the case.

Finally, although defense counsel asserted his clients would be prejudiced by the late admission of plaintiffs' expert's reports, neither the appellate briefing, nor the record, elucidates the exact nature of the prejudice. Regardless, we are unconvinced the prejudice could not be remedied by extending discovery for a limited and final time to complete it.

For these reasons, the February 15, 2024 order barring plaintiffs' engineering expert report is reversed and the matter remanded for further proceedings consistent with this opinion. The trial court shall issue a shortened and final schedule to enable the parties to complete discovery and try the case.

Reversed and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2121-23