**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0017-24

YAJAIRA GOMEZ-PENA,

    Plaintiff-Appellant,

v.

SANDEEP GOVIL, HEATHER
VELIZ and ERIKA SANCHEZ,

    Defendants-Respondents,

and

ANTHONY PANELLA and GEICO
INS. CO.,

    Defendants.

_____

Submitted September 22, 2025 – Decided November 13, 2025

Before Judges Sabatino and Bergman.

On appeal from the Superior Court of New Jersey, Law Division, Middlesex County, Docket No. L-6533-21.

John J. Perrone, attorney for appellant (Jeff Thakker, of counsel; John J. Perrone, on the briefs).

Goldberg, Miller & Rubin, PC, attorneys for respondent Sandeep Govil (Robert P. Stein, on the brief).

PER CURIAM

Plaintiff Yajaira Gomez-Pena appeals from an order dismissing her complaint with prejudice as against all defendants for failure to provide discovery pursuant to Rule 4:23-5(a)(2). Because we conclude the trial court misapplied its discretion in issuing the dismissal order, we vacate the order and remand the matter for further proceedings consistent with this opinion.

I.

We provide a fairly detailed history of the discovery process in the trial court for clarity of the issues on appeal. Plaintiff's amended complaint filed in November 2021 alleged personal injuries arising from two separate motor vehicle accidents. The first accident occurred on January 9, 2020, while plaintiff was operating a bus and claims defendant Sandeep Govil struck her vehicle causing injuries. The second accident occurred on June 18, 2020, while plaintiff was operating her personal automobile and was involved in collision with a vehicle owned by defendant Erika Sanchez and operated by defendant Heather Veliz[1]. Govil filed an answer in March 2022, accompanied by standard

---

[1] We refer to defendants Sanchez and Veliz in combination as Sanchez/Veliz in this opinion.

discovery demands including interrogatories, medical record authorizations, requests for admissions and a notice to produce.

In May 2022, Govil moved to dismiss plaintiff's complaint without prejudice for failure to respond to discovery pursuant to Rule 4:23-5(a)(1), which was granted on June 10. On July 14, plaintiff moved to reinstate her complaint after supplying the overdue discovery. Her complaint was reinstated by order of August 5, 2022. On October 5, 2022, Govil again moved for dismissal of plaintiff's complaint for her failure to provide medical authorizations. The record reflects the parties resolved those particular issues and Govil's motion was withdrawn.

Thereafter, plaintiff failed to appear for depositions scheduled in October 2022, January 2023, and March 2023. Govil moved to compel plaintiff's deposition and to extend discovery 120 days. The motion was granted on March 3, 2023, and ordered plaintiff to attend depositions and also set dates for the exchange of expert reports.

On April 26, 2023, and May 18, 2023, motions were filed on behalf of Govil and Sanchez/Veliz respectively, requesting plaintiff's complaint be dismissed without prejudice for failure to comply with the court's March 3, 2023 order to attend depositions. An order was entered on May 12 dismissing plaintiff's complaint as to Govil, and on June 9 as to Sanchez/Veliz. Both orders

A-0017-24

were entered without prejudice. The bases of both motions were plaintiff had failed to comply with the March 3 court order to attend depositions. Despite Rule 4:19 being referenced as a basis for dismissal on the face of both motions, nothing in counsels' certifications addressed plaintiff not attending a medical examination nor did any orders specifically require plaintiff to attend a medical examination.

Thereafter, on July 6, 2023, plaintiff attended a defense medical examination requested by Govil. However, plaintiff failed to appear for a medical examination requested by Sanchez/Veliz noticed for July 2023, August 2023, February 2024, and June 2024. On August 14, 2024, Govil moved under Rule 4:23-5(a)(2) to dismiss plaintiff's complaint with prejudice for failure to attend the defense medical examinations that had been requested by Sanchez/Veliz. Govil withdrew this motion by letter dated October 13, 2023. Additionally, despite appearing for the court ordered depositions, plaintiff had never moved to reinstate her complaint against either party.

Thereafter, on December 17, 2023, Govil renewed his motion to dismiss plaintiff's complaint with prejudice for "failure to provide discovery," this time for plaintiff's failure to attend the medical examination requested by co-defendants Sanches/Velez. In support of his motion, Govil's counsel certified plaintiff attended a medical examination requested by him but failed to appear

for "independent medical examinations" requested by Sanchez/Veliz. Counsel certified plaintiff's complaint was dismissed without prejudice, she has not moved to reinstate her complaint, and she has "failed to comply with discovery requests." Sanchez/Veliz did not move nor join in Govil's motion despite plaintiff's non-compliance with their demands to attend a medical examination.

Plaintiff opposed the motion, explaining she had difficulty in understanding English due to language barriers, she relied for translation on her ex-husband who never notified her as he was attending to a sick relative, and she was in the Dominican Republic. She certified she had attended depositions and was willing to attend the exam demanded by Sanchez/Veliz and pay any missed appointment fees.

On August 30, 2023, after holding oral argument, the court dismissed plaintiff's complaint with prejudice as against all defendants. The court cited plaintiff's chronic non-compliance, missed medical examinations, and the lack of exceptional circumstances. The court specifically found the case was "marked by dilatory discovery compliance by the plaintiff since its inception." The court determined plaintiff had missed three defense medical exams and her explanations of language barriers and the unavailability of her ex-husband to translate did not amount to "exceptional circumstances." The court further found plaintiff failed to comply with discovery obligations despite numerous

 A-0017-24

chances. Citing Rule 4:23-5, the court found dismissal with prejudice was appropriate under the circumstances and entered an order on August 30, 2024.

On appeal, plaintiff asserts the court's order dismissing her complaint with prejudice was an abuse of discretion because: (1) lesser sanctions such as requiring plaintiff to attend the medical examination or dismissing her complaint without prejudice should have been imposed; (2) the moving party Govil was not the party entitled to discovery, as she had complied as of that time with all of Govil's discovery demands; (3) the motion should have been denied due to non-compliance with the notice provisions of Rule 4:23-5(a)(2); and (4) plaintiff demonstrated exceptional circumstances.

Plaintiff asserts she had provided written discovery, she had been deposed, and she had attended Govil's defense medical examination. She asserts, "[n]ever before had there been a motion or order to compel her to attend a defense medical examination [and] there was no prior R[ule] 4:23-5(a)(1) motion to dismiss for failure to attend a defense medical examination." Plaintiff further argues the orders entered pursuant to Rule 4:23-5(a)(1) only concerned depositions, not medical examinations and plaintiff had appeared for depositions. She claims her failure to attend a medical examination was not the basis of the prior dismissal without prejudice order.

6

## II.

Since a trial court's discovery rulings are "entitled to substantial deference," we review for an abuse of discretion. DiFiore v. Pezic, 254 N.J. 212, 228 (2023) (quoting State v. Stein, 225 N.J. 582, 593 (2016)). We "generally defer to a trial court's disposition of discovery matters unless the court has abused its discretion, or its determination is based on a mistaken understanding of the applicable law." Rivers v. LSC P'ship, 378 N.J. Super. 68, 80, (App. Div. 2005) (citing Payton v. New Jersey Tpk. Auth., 148 N.J. 524, 559 (1997)).

We address and limit our review to plaintiff's contention that Govil's motion was improper, as he was not the party entitled to the requested discovery under Rule 4:23-5(a)(1) and the prior dismissal order was not based on plaintiff's failure to attend a medical examination. We conclude this argument has merit.

Rule 4:23-5 establishes a two-step process that a party must follow to obtain an order dismissing or suppressing with prejudice the pleading of an adversary who has failed to make discovery. The moving party must first "move, on notice, for an order dismissing or suppressing the pleading of the delinquent party" without prejudice. R. 4:23-5(a)(1). If the court has not vacated an order of dismissal or suppression without prejudice, "the party entitled to the discovery may, after the expiration of [sixty] days from the date

of the order, move on notice for an order of dismissal or suppression with prejudice." R. 4:23-5(a)(2). "These procedural requirements must be scrupulously followed and technically complied with." Salazar v. MKGC Design, 458 N.J. Super. 551, 560 (citing Sullivan v. Coverings & Installation, Inc., 403 N.J. Super. 86, 95 (App. Div. 2008) ). Further we have held "[t]here is an absolute need to remember that the primary mission of the judiciary is to see justice done in individual cases. Any other goal, no matter how lofty, is secondary." Santos v. Estate of Santos, 217 N.J. Super. 411, 416 (App. Div. 1986).

The record is clear both defendants requested dismissal of plaintiff's complaint without prejudice pursuant to Rule 4:23-5. In that application, neither certification from counsel addressed Rule 4:19 nor asserted plaintiff failed to attend a medical examination. We note Rule 4:19-1 states in pertinent part that an "adverse party may require the party whose physical or mental condition is in controversy to submit to a physical or mental examination by a medical or other expert . . . . [and] [t]he court may, on motion pursuant to R. 4:23-5, either compel the discovery or dismiss the pleading of a party who fails to submit to the examination, . . ." (Emphasis added). Certifications from defendants' counsel clearly requested dismissal without prejudice based on Rule 4:23-5(a)(1) and both orders entered by the court granting dismissal without prejudice

stated if the order was not vacated in sixty days, pursuant to "Rule 4:23-5(a)(2),"

(emphasis added) defendant may move on notice to dismiss plaintiff's complaint

with prejudice. Here, both defendants had moved and were granted dismissals

without prejudice under the first step of Rule 4:23-5[2] for plaintiff's failure to

attend depositions, not due to her failure to attend a medical examination.

In this instance both parties moved and were granted an order for dismissal

without prejudice based on plaintiff's failure to provide discovery for not

appearing for depositions. Neither party had ever moved to compel plaintiff to

attend a medical examination. Nor did any order, including the March 3, 2023

order, relied upon by Govil in his motion, require plaintiff's attendance at a

medical examination. In fact, the dismissal without prejudice order was not

based on plaintiff's failure to attend a medical examination. Even so, the record

is clear that plaintiff had, in fact, attended Govil's requested medical

examination. Sanchez/Veliz never moved to dismiss plaintiff's complaint for

failing to attend their scheduled medical examinations, nor did they join in

Govil's motion.[3] Govil did not claim plaintiff was in default of any of its

discovery demands, only asserting plaintiff's non-compliance with

---

[2] We note defendants did not move to dismiss plaintiff's complaint pursuant to Rule 4:23-2(b)(3) for failure to comply with a discovery order and therefore we make no determinations under this rule.

[3] Sanchez/Veliz has also not filed a brief or participated in this appeal.

A-0017-24

Sanchez/Veliz's demand to undergo a medical examination. Here, Govil was not "the party entitled to the discovery," or was he permitted to "move for an order of dismissal or suppression with prejudice" under the rule. Rule 4:23-5(a)(1),

We conclude Govil improperly utilized its dismissal-without-prejudice order for plaintiff's failure to attend depositions under Rule 4:23-5(a)(1) as the "first step" of the two-step process required by the rule. Govil improperly utilized this basis to dismiss plaintiff's complaint with prejudice pursuant to the "second step" at Rule 4:23-5(a)(2) for plaintiff's failure to attend co-defendant Sanchez/Veliz's medical examination. Here, plaintiff was not in compliance with Sanchez/Veliz's discovery request for a medical exam but was not in default on any of Govil's discovery demands. In addition, the prior dismissal order was based on plaintiff's failure to attend depositions, thereafter which she satisfied. Also, she had attended Govil's demand for a medical examination.

Although we recognize plaintiff did not timely comply with several discovery obligations and her dilatory responses caused significant delays, we determine the trial court misapplied its discretion by granting dismissal of plaintiff's complaint with prejudice under Rule 4:23-5(a)(2) because the moving party (i.e., Govil) was not the party entitled to discovery, i.e., a medical examination, nor was plaintiff's failure to attend a medical examination the basis

10

of the prior dismissal without prejudice order. We further note, Govil's motion failed to state the prejudice he suffered by plaintiff not attending Sanchez/Veliz's requested medical examination. Therefore, we conclude Govil did not meet the scrupulous requirements of Rule 4:23-5 and, in this instance, the ultimate sanction of dismissal of claims against Govil with prejudice was error. Likewise, the with-prejudice dismissal as to Sanchez/Veliz was also improvident for failure to adhere to the two-step process.

Based on our above determination, we deem plaintiff's remaining arguments moot.

We therefore vacate the trial court order of August 30, 2024, and remand the matter for further proceedings. We note on remand; although we have vacated the dismissal with prejudice order, plaintiff's complaint remains in a "dismissed without prejudice" status, since plaintiff had not moved to reinstate her complaint at the time the order was entered. We make no conclusions related to this issue and leave it to the sound discretion of the trial court on remand.

Vacated and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

11